IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LIFELINK PHARMACEUTICALS, INC., | ) | Case No. 5:07-CV-785 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE GALLAS |
| | ) | |
| NDA CONSULTING, INC., et al. | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ADRIAN GOAD, d/b/a | ) | |
| WWW.ALLNATURALPREVENTION.COM | ) | |
| 419 Valley View Drive | ) | |
| Smyrna, Tennessee 37167 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROWAN EMRYS, d/b/a | ) | |
| WWW.TARRYALL.NET | ) | |
| 1605 North Shields Street | ) | |
| Fort Collins, Colorado 80524 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN HANNA, d/b/a | ) | |
| WWW.TARRYALL.NET | ) | |
| 1605 North Shields Street | ) | |
| Fort Collins, Colorado 80524 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAVID BYNUM, d/b/a | ) | |
| WWW.ZEOLITEBODYDETOX.COM | ) | |
| 2218 E. 59th Street, Apt. 1902 | ) | |
| Tulsa, Oklahoma 74105 | ) | |
| | ) | |
| and | ) | |

|  | ) |
| DAVID EWING, d/b/a | ) |
| WWW.KZ1300.COM | ) |
| 28485 Tomball Parkway, PMB 313 | ) |
| Tomball, Texas 77375 | ) |
|  | ) |
| Serve also at: | ) |
| DAVID EWING, d/b/a | ) |
| WWW.KZ1300.COM | ) |
| 22123 Main Boulevard | ) |
| Tomball, Texas 77377 | ) |
|  | ) |
| and | ) |
|  | ) |
| LLOYD WRIGHT, d/b/a | ) |
| WWW.HEPATITISCFREE.COM | ) |
| 23852 Pacific Coast Highway, Suite 539 | ) |
| Malibu, California 90265 | ) |
|  | ) |
| and | ) |
|  | ) |
| HEALTH IS WEALTH MAUI, LLC, d/b/a | ) |
| WWW.HEALTHISWEALTHMAUI.COM | ) |
| 120 Hana Highway, #9-305 | ) |
| Paia, Hawaii 96779 | ) |
|  | ) |
| and | ) |
|  | ) |
| PURIFY YOUR BODY, LLC, d/b/a | ) |
| WWW.PURIFYYOURBODY.COM | ) |
| c/o Rebecca Hauptman, statutory agent | ) |
| 6901 West 33rd Street | ) |
| Minneapolis, Minnesota 55426 | ) |
|  | ) |
| and | ) |
|  | ) |
| SPECTRUM SUPPLEMENTS, INC. | ) |
| 2251 Constitution Avenue | ) |
| Olean, New York 14760 | ) |
|  | ) |
| Serve also at: | ) |
| SPECTRUM SUPPLEMENTS, INC. | ) |
| 120 Skye Island Drive | ) |
| Endicott, New York 13760 | ) |
|  | ) |
| and | ) |

```
                                            )
ROBIN RENO, d/b/a                           )
WWW.NCDWAIORA.COM                           )
167 Autumn Ridge Court                      )
Talent, Oregon 97540                        )
                                            )
and                                         )
                                            )
JACALYN LANTRIP, d/b/a                      )
WWW.AHEALTHYBODY.NET                        )
3938 Indian Hills Road                      )
Columbia, Tennessee 38401                   )
                                            )
            New Party Defendants.           )
```
_____

FIRST AMENDED COMPLAINT
(JURY DEMAND ENDORSED HEREON)
_____

Plaintiff Lifelink Pharmaceuticals, Inc. ("LLP"), through its undersigned attorneys, for its

First Amended Complaint, states as follows:

THE PARTIES

1.      Plaintiff LLP is and was, at all relevant times, an Ohio corporation having a principal

place of business at 1350 Commerce Drive, Stow, Ohio.  LLP is the owner by assignment of U.S.

Patent No. 6,288,045 (the "'045 Patent"), designated "Epithelial Cell Cancer Drug," which was

issued on September 11, 2001.  A true and accurate copy of the '045 Patent is attached as **Exhibit

"A."**  The product covered by the '045 Patent has become known in the marketplace under several

names including, but not limited to: (1) DME-Sulfate; (2) liquid zeolite; and (3) Natural Cellular

Defense (hereinafter the "Product").

2.      Upon information and belief, Defendant NDA Consulting, Inc. ("NDA"), is a Florida

corporation with its principal place of business at 7915 NW 111 Way, Parkland, Florida.  NDA is

and was at all relevant times, owned and/or controlled by Defendant Erik Deitsch.  NDA is and was

at all relevant times engaged in, or claiming to be engaged in, the marketing and sale of vitamins and

nutritional supplements.

3.      Upon information and belief, Defendant Erik Deitsch, also known as Rik Deitsch ("Deitsch"), is and was at all relevant times an individual residing in Florida.  In addition to being the President and a shareholder of NDA, Deitsch is employed as the Chairman, Chief Executive Officer and Chief Financial Officer of Nutra Pharma Corp., a "biopharmaceutical" company with its headquarters in Boca Raton, Florida.  On the Nutra Pharma website, Deitsch's description of qualifications refers to his Presidency in NDA in the past tense, stating that it was through November 2002.

4.      Upon information and belief, Defendant Waiora USA, Inc. ("Waiora USA"), is a Florida corporation with its principal place of business at 791 Park of Commerce Boulevard, Suite 300, Boca Raton, Florida.  Upon information and belief, Waiora USA is a multi-level marketing company which sells supplemental dietary and nutritional products through an Internet website, as well as through a network of distributors.  Among the products sold by Waiora USA is the Product, although Waiora USA has not been granted a license by Plaintiff to sell the Product.

5.      Upon information and belief, Defendant Waiora International, LLC ("Waiora International"), is a Florida limited liability company with its principal place of business at 791 Park of Commerce Boulevard, Suite 300, Boca Raton, Florida.  Upon information and belief, Waiora International, for and on behalf of Waiora USA, enters into distributor agreements with third parties to become distributors of products sold by Waiora USA and/or Waiora International, including the Product, although Waiora International has not been granted a license by Plaintiff to sell the Product or enter into contracts authorizing others to sell the Product.

6.      Upon information and belief, Defendants Waiora Holdings, LLC ("Waiora Holdings"), Waiora, LLC ("Waiora, LLC"), Waiora Australia, LLC ("Waiora Australia"), and Waiora Hong Kong, LLC ("Waiora HK"), are Florida limited liability companies, all having their

– 4 –

principal places of business at 791 Park of Commerce Boulevard, Suite 300, Boca Raton, Florida. The web site www.waiora.com states that "Waiora's products" are available in "select markets," including the United States, Canada, Hong Kong, Taiwan, and Japan.  Upon information and belief, the Waiora entities referenced in this paragraph have been organized to facilitate the sale of "Waiora products," including the Product, although none of the entities referenced in this paragraph have been granted a license by Plaintiff to sell the Product.  Waiora USA, Waiora International, Waiora Holdings, Waiora, LLC, Waiora Australia, and Waiora HK may be referred to hereinafter collectively as "Waiora."

7.     Upon information and belief, Defendant Stanley J. Cherelstein ("Cherelstein") is the President and CEO and/or managing member of Waiora.  Cherelstein and Deitsch have a long history dating back to the days when both were employed at Unicity, Inc.  At some point prior to that, Cherelstein was employed as the controller of Phar Mor., which failed as the result of a massive financial scandal.  Presently, Deitsch and Cherelstein serve together as members of the Board of Directors of Nutra Pharma Corp.

8.     Defendants James and Kelley Spears (collectively "Spears") are residents of Hudson, Ohio and, upon information and belief, are distributors of Waiora products, including the Product. As such, the Spears sell or offer to sell the Product in Ohio and elsewhere, although they have not been granted a license by Plaintiff to sell the Product.

9.     Upon    information    and    belief,    Defendant    Adrian    Goad,    d/b/a www.allnaturalprevention.com ("Goad"), is an individual residing in Tennessee and, upon information and belief, is a distributor of Waiora products, including the Product.  As such, Goad sells or offers to sell the Product in Ohio and elsewhere, although he has not been granted a license by Plaintiff to sell the Product.

10.     Upon information and belief, Defendant Rowan Emrys, d/b/a www.tarryall.net ("Emrys"), is an individual residing in Colorado and, upon information and belief, is a distributor of Waiora products, including the Product.  As such, Emrys sells or offers to sell the Product in Ohio and elsewhere, although she has not been granted a license by Plaintiff to sell the Product.

11.     Upon information and belief, Defendant John Hanna, d/b/a www.tarryall.net ("Hanna"), is an individual residing in Colorado and, upon information and belief, is a distributor of Waiora products, including the Product.  As such, Hanna sells or offers to sell the Product in Ohio and elsewhere, although he has not been granted a license by Plaintiff to sell the Product.

12.     Upon information and belief, Defendant David Bynum, d/b/a www.ZeoliteBodyDetox.com ("Bynum"), is an individual residing in Oklahoma and, upon information and belief, is a distributor of Waiora products, including the Product.  As such, Bynum sells or offers to sell the Product in Ohio and elsewhere, although he has not been granted a license by Plaintiff to sell the Product.

13.     Upon information and belief, Defendant David Ewing, d/b/a www.kz1300.com ("Ewing"), is an individual residing in Texas and, upon information and belief, is a distributor of Waiora products, including the Product.  As such, Ewing sells or offers to sell the Product in Ohio and elsewhere, although he has not been granted a license by Plaintiff to sell the Product.

14.     Upon information and belief, Defendant Lloyd Wright, d/b/a www.hepatitiscfree.com ("Wright"), is an individual residing in California and, upon information and belief, is a distributor of Waiora products, including the Product.  As such, Wright sells or offers to sell the Product in Ohio and elsewhere, although he has not been granted a license by Plaintiff to sell the Product.

15.     Upon information and belief, Defendant Health Is Wealth Maui LLC, d/b/a www.healthiswealthmaui.com ("Health is Wealth"), is a Hawaii limited liability company with a

–6–

principal place of business at the address shown in the caption above.  Upon information and belief,
Health is Wealth is a distributor of Waiora products, including the Product.  As such, Health is
Wealth sells or offers to sell the Product in Ohio and elsewhere, although it has not been granted a
license by Plaintiff to sell the Product.

16.    Upon information and belief, Defendant Purify Your Body, LLC, d/b/a
www.purifyyourbody.com ("Purify"), is a Minnesota limited liability company with a principal
place of business at the address shown in the caption above.  Upon information and belief, Purify is a
distributor of Waiora products, including the Product.  As such, Purify sells or offers to sell the
Product in Ohio and elsewhere, although it has not been granted a license by Plaintiff to sell the
Product.

17.    Upon information and belief, Defendant Spectrum Supplements, Inc., ("Spectrum"),
is a New York corporation with a principal place of business at the address shown in the caption
above.  Upon information and belief, Spectrum is a distributor of Waiora products, including the
Product.  As such, Spectrum sells or offers to sell the Product in Ohio and elsewhere, although it has
not been granted a license by Plaintiff to sell the Product.

18.    Upon information and belief, Defendant Robin Reno, d/b/a www.ncdwaiora.com
("Reno"), is an individual residing in Oregon and, upon information and belief, is a distributor of
Waiora products, including the Product.  As such, Reno sells or offers to sell the Product in Ohio and
elsewhere, although she has not been granted a license by Plaintiff to sell the Product.

19.    Upon     information     and     belief,     Defendant     Jacalyn     Lantrip,     d/b/a
www.ahealthybody.net ("Lantrip"), is an individual residing in Tennessee and, upon information
and belief, is a distributor of Waiora products, including the Product.  As such, Lantrip sells or offers
to sell the Product in Ohio and elsewhere, although she has not been granted a license by Plaintiff to
sell the Product.

20.     Defendants John Doe Distributors 1 through 1000 are entities or individuals in privity with Waiora, and are selling or offering to sell the Product in Ohio and elsewhere, via internet websites and otherwise.

21.     Defendant John Doe Manufacturer is an entity or individual which manufacturers the Product for NDA and/or Waiora, without license or permission from Plaintiff.

JURISDICTION AND VENUE

22.     Subject matter jurisdiction over the patent infringement claim asserted herein is proper pursuant to 28 U.S.C. §§ 1331 and 1338.  Plaintiff is further seeking individual damages from Defendants pursuant to the laws of the States of Ohio and Florida, providing liability for tortious conduct and otherwise.  State and federal claims set forth below derive from a common nucleus of operative facts so that this court may exercise supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

23.     Venue in this district is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400, in that Defendants are subject to personal jurisdiction in this district and therefore reside in this district and Defendants have committed acts of infringement in this district.

24.     This Court has personal jurisdiction over the Defendants, inasmuch as each of the Defendants, without license to do so, upon information and belief, has or is making, using, offering for sale, or selling the Product in Ohio and elsewhere, is actively inducing infringement of a patent, or is liable as a contributory infringer.  As such, each of the Defendants, to the detriment of Plaintiff, directly or by an agent:  (a) is transacting business in this state, (b) is contracting to supply services or goods in this state, (c) is causing tortious injury by acts or omissions in this state, (d) is causing tortious injury in this state by acts or omissions outside this state while regularly doing or soliciting business, engaging in a persistent course of conduct, or deriving substantial revenue from goods

used or consumed or services rendered in this state, and/or (e) is causing tortious injury in this state

by acts committed outside this state with the purpose of injuring Plaintiff in this state.

<u>THE NATURE OF THE ACTION</u>

25.     This action arises out of a scheme devised originally by Defendant Deitsch, through

his company NDA, in concert with Waiora and Cherelstein, to obtain colorable right to market and

sell the Product without having to pay license fees to Plaintiff.  All Defendants have profited, to

differing degrees, by their sale of Plaintiff's Product without the payment of license or other fees to

Plaintiff.

26.     Beginning in 2003, Deitsch met with the President of Plaintiff and other shareholders

of Plaintiff at the Sheraton Hotel at Cleveland Hopkins International Airport to discuss a proposal

for marketing and sale of the Product.  As a result of that meeting, Plaintiff and Deitsch continued

discussions and in the latter part of 2003, Deitsch submitted to Plaintiff, by U.S. mail or fax

transmission at its Stow, Ohio, offices a proposed Exclusive License Agreement for consideration.

In this proposed arrangement, the sole licensee was to be NDA.

27.     Thereafter, NDA mailed to Plaintiff's Stow, Ohio, offices a revised proposed

Exclusive License Agreement ("Agreement"), which was signed by Plaintiff and effective as of

March 9, 2004.  A true and correct copy of the final version of the Agreement is attached hereto as

**Exhibit "B**."

28.     Pursuant to the Agreement, Plaintiff granted NDA exclusive rights to sell the Product

in Germany through "the German Division of MRI Labs" which, according to representations made

by Deitsch and as stated in the Agreement, was expected to commence on or about April 1, 2004.

29.     The Agreement did not grant NDA the right to sub-license the rights to market or sell

the Product.

–9–

30.     The intent of the parties to the Agreement was that NDA was to pay Plaintiff $0.75 per unit (described in Section 3.1 as the "equivalent of 0.5.oz serving size of DME-Sulfate") ordered by NDA for distribution.

31.     In conjunction with entering into the Agreement with NDA, Plaintiff provided to Deitsch written proprietary information for manufacture of the Product, with the express understanding that Deitsch would disclose such information only to those with a need to know for manufacture of Product.

32.     Effective March 19, 2004, Waiora USA was established as a Florida corporation. Although it was not licensed by or at first even known to Plaintiff, Waiora nonetheless began and continues an aggressive campaign to sell the Product, primarily through its website, and through the network of Defendant distributors it was building.  Plaintiff is not privy to the arrangement between Defendants Waiora, Deitsch and NDA, or Waiora and its distributors.

33.     Although Deitsch and NDA arranged to begin manufacture and sale of Product, they refused to inform Plaintiff, on later inquiries, of any manufacturing details, including the identity of the manufacturer.

34.     Shortly after entering into the Agreement, NDA claimed to encounter problems with its marketing efforts in Germany.  In a June 30, 2004, e-mail from his "nutrapharma" e-mail address, Deitsch informed Plaintiff of problems with "the German group" and the manufacturing of the Product.  Plaintiff now believes that no "German Division of MRI Labs" was available to NDA and that Deitsch misrepresented his German marketing infrastructure to induce Plaintiff to enter into the Agreement.

35.     As 2004 progressed, NDA failed to make the minimum quarterly license fee payments of $22,500 called for in the Agreement to maintain exclusivity as to its license.

36.      As 2004 progressed and into 2005, communications between Plaintiff and Deitsch were sporadic and NDA failed to send Plaintiff copies of purchase orders from NDA to the manufacturer(s), notwithstanding Section 3.3 of the Agreement.

37.      Although NDA itself did not establish a website, Waiora's website advertised the Product, adopting the name "Natural Cellular Defense" or "NCD," and informing the consuming public that the Product was protected by the '045 Patent.  Waiora's bottles and literature included express reference to the '045 Patent as well.

38.      Soon other websites, some of which may have been posted by Waiora distributors, marketed the Product as protected by a patent owned by Deitsch himself.

39.      Although Plaintiff was informed that NDA's sale of Product, to or through Waiora, accelerated, particularly in 2005, payment of license fees (other than the initial $7,500 payment made at the time the Agreement was entered into) due under the Agreement were made only sporadically as follows:

| | |
|---|---|
| September 1, 2005 | $5,975 |
| October 7, 2005 | $7,003 |
| December 6, 2005 | $38,138 |
| February 24, 2006 | $92,402 |
| April 17, 2006 | $75,180 |

40.      No license fee has been paid to Plaintiff since the April 17, 2006 payment.

41.      When it became clear to Plaintiff that NDA would not account to it for ordering or sales of Product, Plaintiff engaged legal counsel who made contact with NDA, through its legal counsel, Frederick Lehrer.  In a May 3, 2006, letter to Plaintiff's counsel, Mr. Lehrer, as agent for Defendant NDA, stated, in part, that licensing fees are only due when and if the German Division of MRI Labs begins sales and marketing and that since, as of that point in time, such sales and marketing had not commenced, no license fees were ever due.  Mr. Lehrer proceeded to inform Plaintiff's counsel that license payments made by NDA to that point as set forth in paragraph 22

-11-

above were "advances" and not yet due Plaintiff.  Finally, Mr. Lehrer informed Plaintiff that all further license fee payments were suspended.

42.     In a letter dated July 6, 2006, Mr. Lehrer took a new approach, this time informing Plaintiff's counsel that NDA "is not marketing, selling or distributing any product that utilizes any of the intellectual property belonging to Lifelink."  Rather, Mr. Lehrer stated that "NDA's Cellular Defense Product, being marketed by Waiora, does not utilize synthetic zeolite…."  At that time and thereafter, NDA, Waiora, and/or their agents and Defendant John Doe Distributors continued to advertise the Product for sale and further informed the consuming public that the so-called "Natural Cellular Defense" product was protected by Plaintiff's '045 Patent.

43.     In view of NDA's breach of the Agreement, Plaintiff, through its attorney, notified NDA of the termination of the Agreement by letter dated July 20, 2006.

44.     In an October 24, 2006, e-mail sent by Defendant Cherelstein to the inventor of the Product and a shareholder of Plaintiff, in Stow, Ohio, Defendant Cherelstein, stated, in part, that "we are selling the DME product you created and patented under our trade name Natural Cellular Defense."  A copy of the foregoing email is attached hereto as **Exhibit "C**."

45.     LLP now brings this Complaint seeking preliminary and permanent injunctive relief and money damages for Defendants' patent infringement, breach of contract, fraud, conspiracy and other unlawful activities.

## COUNT ONE
### (Patent Infringement – All Defendants)

46.     Plaintiff LLP incorporates the allegations of paragraphs 1 through 45 above as if fully set forth herein.

-12-

47.     Defendants have and continue to manufacture, distribute, sell and/or offer for sale, the Product, or a product which infringes the '045 Patent, without license to do so, and without authority to practice the invention of the '045 Patent.

48.     Defendants NDA, Deitsch, Waiora and Cherelstein induced and continue to induce others to infringe or contribute to the infringement of the '045 Patent.

49.     Unless Defendants are enjoined from continued infringement of the '045 Patent, Plaintiff will be irreparably injured.

50.     Plaintiff has suffered economic loss from the infringement of the '045 Patent, and is entitled to be made whole therefor by an award of money damages in its favor.

51.     The infringement by Defendants NDA, Deitsch, Waiora, Cherelstein, and any defendant or third party that continues to sell or offer to sell the Product after having been put on notice of the alleged infringement, is believed to be willful, deliberate and intentional and without reasonable justification, entitling Plaintiff to enhanced damages pursuant to 35 U.S.C. § 284 and to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT TWO
### (Breach of Contract – NDA)

52.     Plaintiff LLP incorporates the allegations of paragraphs 1 through 51 above as if fully set forth herein.

53.     Plaintiff performed all of its obligations under the Agreement.

54.     Defendant NDA breached the Agreement.

55.     As a direct and proximate result of NDA's breach of the Agreement, Plaintiff has been damaged in an amount presently believed to be in excess of $1,000,000.

## COUNT THREE
### (Fraud – Deitsch, NDA, and Waiora)

56.     Plaintiff LLP incorporates the allegations of paragraphs 1 through 55 above as if fully set forth herein.

57.     Defendants Deitsch and NDA made representations as to the existence and status of the "German Division of MRI Labs."

58.     Upon information and belief, the "German Division of MRI Labs" was never available to Deitsch or NDA as represented by Deitsch.

59.     Defendants Deitsch, NDA and Waiora, through their agent Lehrer, made representations to Plaintiff to the effect that they ceased selling the Product.

60.     At the time of the representations by Lehrer, Defendants were selling the Product, and continue to do so as of this date.

61.     The aforementioned representations were material and knowingly false when made.

62.     The aforementioned representations were made with the intention that Plaintiff would rely on them and be induced to enter into the Agreement or to not seek to enforce their rights under the Agreement or otherwise.

63.     Plaintiff reasonably and justifiably relied upon the aforementioned representations.

64.     As a direct and proximate result of Plaintiff's reliance on the aforementioned representations, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT FOUR
### (Conspiracy – Deitsch, NDA, Waiora and Cherelstein)

65.     Plaintiff LLP incorporates the allegations of paragraphs 1 through 64 above as if fully set forth herein.

66.     Defendants Deitsch,  NDA, Waiora and Cherelstein conspired to defraud Plaintiff of its rights to the benefit of the '045 Patent by: (1) misrepresenting the status of NDA's relationship with "the German Division of MRI Labs;" (2) misrepresenting the terms of the Agreement to the public; (3) misrepresenting to Plaintiff that their Natural Cellular Defense product was not covered by the '045 Patent; (4) refusing to account to Plaintiff for all orders of the Product from the manufacturer and/or sales to distributors and/or the consuming public, thereby claiming justification for non-payment of license fees.

67.     Defendants Deitsch, NDA, Waiora and Cherelstein all had knowledge of the conspiracy, all participated in the formation and/or continuation of the conspiracy, and all acted, as set out above, to further the conspiracy.

68.     Defendants Deitsch, NDA, Waiora and Cherelstein's conspiracy to defraud and injure Plaintiff is unlawful and the underlying fraud perpetuated by the said Defendants is also unlawful.

69.     As a direct and proximate result of Defendants Deitsch, NDA, Waiora and Cherelstein's conspiracy, Plaintiff has been damaged in an amount to be determined at trial.

**COUNT FIVE**
**(Unjust Enrichment – All Defendants)**

70.     Plaintiff LLP incorporates the allegations of paragraphs 1 through 69 above as if fully set forth herein.

71.     As a result of their manufacture, distribution and/or sale of the Product, without payment of the license or other fees to Plaintiff, Defendants have been unjustly enriched at the expense of Plaintiff.  The amount of the unjust enrichment to Defendants is believed to number in the millions of dollars but is unknown to Plaintiff.

## COUNT SIX
### (Declaratory Judgment)

72.    Plaintiff LLP incorporates the allegations of paragraphs 1 through 71 above as if fully set forth herein.

73.    This claim is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

74.    There exists between Plaintiff and Defendant NDA an actual controversy as to the meaning and effect of certain terms in the Agreement and whether the Agreement remains in force. As such, Plaintiff seeks a declaration from this Court that the Agreement was terminated, and a declaration as to the rights and legal responsibilities of NDA, Waiora and all other Defendants, if any, pursuant to the terms of the Agreement.

**WHEREFORE**, Plaintiff Lifelink Pharmaceuticals, Inc. prays for judgment against Defendants as follows:

A.    Under Count One:

► That the Court preliminarily and permanently enjoin Defendants, their officers, employees, agents and all persons in active concert with any of them, from any and all acts of infringement of the '045 Patent, including without limitation, manufacturer and sale of the Product;

► That the Court order Defendants to deliver up to Plaintiff for destruction any and all of the Product, including but not limited to, all bottles of Waiora's Natural Cellular Defense product and/or any products that infringe on the '045 Patent;

► That the Court award Plaintiff damages relating to the infringement and further determine that the infringement by Defendants Deitsch, NDA, Waiora and Cherelstein is and has been willful and award treble damages pursuant to 35 U.S.C. § 284; and

-16-

► That the Court declare this to be an exceptional case under 35 U.S.C. § 285 and award Plaintiff its costs, expenses and attorneys fees in this action.

B.       Under Count Two, that the Court award damages in favor of Plaintiff and against NDA in an amount in excess of $1,000,000, said amount to be proven at trial.

C.       Under Count Three, that the Court award damages in favor of Plaintiff and against Defendants Deitsch, NDA, and Waiora, jointly and severally, for compensatory damages in excess of $1,000,000, said amount to be proven at trial, plus an award of punitive damages as appropriate.

D.       Under Count Four, that the Court award damages in favor of Plaintiff and against Defendants Deitsch, NDA, Waiora and Cherelstein, jointly and severally, for compensatory damages in excess of $1,000,000, said amount to be proven at trial, plus an award of punitive damages as appropriate.

E.       Under Count Five, that the Court award damages in favor of Plaintiff and against all Defendants in the amount of unjust enrichment they have received up to the date of judgment resulting from sale of the Product, said amount believed to be collectively in excess of $5,000,000.

F.       Under Count Six, that the Court enter a declaratory judgment that the Agreement was terminated, and a declaration as to the rights and legal responsibilities of the Defendants pursuant to the terms of the Agreement; and

G.       That the Court enter such other relief as may be just and proper.

Respectfully submitted,


s/ Stephen D. Dodd
Peter Turner (0028444)
Stephen D. Dodd (0072658)
MEYERS, ROMAN, FRIEDBERG & LEWIS
28601 Chagrin Boulevard, Suite 500
Cleveland, Ohio 44122
Phone: (216) 831-0042
Fax:    (216) 831-0542
Email:  pturner@meyersroman.com
        sdodd@meyersroman.com
*Attorneys for Plaintiff*


## JURY DEMAND

Plaintiff Lifelink Pharmaceuticals, Inc., hereby demands a trial by the maximum number

of jurors allowed by law on all issues so triable.


s/ Stephen D. Dodd
Stephen D. Dodd