UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LIFELINK PHARMACEUTICALS, INC., | ) | CASE NO. 5:07-cv-00785-JG |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | **DEFENDANTS' WAIORA USA, INC.;** |
| | ) | **WAIORA INTERNATIONAL, LLC;** |
| NDA CONSULTING, INC., *et al.* | ) | **WAIORA HOLDINGS, LLC; WAIORA,** |
| | ) | **LLC; WAIORA AUSTRALIA, LLC;** |
| Defendants. | ) | **WAIORA HONG KONG, LLC AND** |
| | ) | **STANLEY J. CHERELSTEIN'S** |
| | ) | **ANSWER TO FIRST AMENDED** |
| | ) | **COMPLAINT** |

Defendants Waiora USA, Inc.; Waiora International, LLC; Waiora Holdings, LLC; Waiora, LLC; Waiora Australia, LLC; Waiora Hong Kong, LLC; and Stanley J. Cherelstein ("Defendants") respond to Plaintiff's First Amended Complaint as follows:

1. Deny for want of knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 1, 2 and 3.

2. Admit that Waiora USA, Inc. ("Waiora USA") is a Florida corporation with its principal place of business at 791 Park of Commerce Boulevard, Suite 300, Boca Raton, Florida, and that it sells supplemental dietary and nutritional products through various sources, including distributors and the Internet, and deny all other allegations set forth in Paragraph 4.

3. Admit that Defendant Waiora International, LLC is a Florida limited liability company with its principal place of business in Boca Raton, Florida and deny all other allegations set forth in Paragraph 5.

4. Admit that Defendants Waiora Holdings, LLC, Waiora, LLC, Waiora Australia, LLC and Waiora Hong Kong, LLC are Florida limited liability companies having their principal place of business in Boca Raton, Florida, that the website www.waiora.com may have stated that products are available in the United States, Canada, Hong Kong, Taiwan and Japan and deny all other allegations set forth in Paragraph 6.

5. Admit that Stanley Cherelstein is the President and CEO of Waiora USA, that he has known Deitsch, that he did work at Unicity, Inc. with Deitsch, that he was employed as the controller of Phar Mor, that he and Deitsch serve as members of the Board of Directors of Nutra Pharma Corp. and deny all other allegations set forth in Paragraph 7

6. Admit that Kelley Spears resides in Hudson, has purchased products from Waiora USA and deny all other allegations set forth in Paragraph 8.

7. Admit that Adrian Goad is a customer of Waiora USA and deny all remaining allegations set forth in Paragraph 9 for want of knowledge and information sufficient to form a belief as to their truth.

8. Admit that Rowan Emrys is a customer of Waiora USA and deny all remaining allegations set forth in Paragraph 10 for want of knowledge and information sufficient to form a belief as to their truth.

9. Deny, for want of knowledge and information to form a belief as to their truth, the allegations set forth in Paragraph 11.

10. Deny the allegations set forth in Paragraphs 12, 13, 14 and 15

11. Admit that Purify Your Body, LLC is a customer of Waiora USA and deny all remaining allegations set forth in Paragraph 16 for want of knowledge and information sufficient to form a belief as to their truth.

-2-

12.     Deny the allegations set forth in Paragraph 17 for want of knowledge and information sufficient to form a belief as to their truth.

13.     Deny the allegations set forth in Paragraph 18.

14.     Deny the allegations set forth in Paragraph 19 for want of knowledge and information sufficient to form a belief as to their truth.

15.     Deny the allegations set forth in Paragraphs 20, 21, 22, 23, 24 and 25.

16.     Deny the allegations set forth in Paragraphs 26 and 27 for want of knowledge and information sufficient to form a belief as to their truth.

17.     With respect to Paragraphs 28, 29 and 30, the terms of any agreement speak for themselves and otherwise deny the allegations set forth therein.

18.     Deny the allegations set forth in Paragraph 31 for want of knowledge and information sufficient to form a belief as to their truth.

19.     Deny the allegations set forth in Paragraphs 32.

20.     Deny the allegations set forth in Paragraphs 33, 34, 35, 36, 38, 39, 40, 41, 42, and 43 for want of knowledge and information sufficient to form a belief as to their truth.

21.     Admit that a website advertised Natural Cellular Defense and at some point stated that the product was protected by a patent, that literature referenced the patent and deny all other allegations set forth in Paragraph 37.

22.     Admit that an email was sent, that it reads for itself, and deny all remaining allegations set forth in Paragraph 44.

23.     Deny the allegations set forth in Paragraph 45.

24.     With respect to Paragraph 46, restate and incorporate by reference their responses to Paragraphs 1 through 45.

25.    Deny the allegations set forth in Paragraphs 47, 48, 49, 50 and 51

26.    With respect to Paragraph 52, restate and incorporate by reference their responses to Paragraphs 1 through 51.

27.    Deny the allegations set forth in Paragraphs 53, 54 and 55 for want of knowledge and information sufficient to form a belief as to their truth

28.    With respect to Paragraph 56, restate and incorporate by reference their responses to Paragraphs 1 through 55.

29.    Deny the allegations set forth in Paragraphs 57, 58, 59, 60, 61, 62, 63 and 64

30.    With respect to Paragraph 65, restate and incorporate by reference their responses to Paragraphs 1 through 64.

31.    Deny the allegations set forth in Paragraphs 66, 67, 68 and 69.

32    With respect to Paragraph 70, restate and incorporate by reference their responses to Paragraphs 1 through 69.

33.    Deny the allegations set forth in Paragraph 71.

34.    With respect to Paragraph 72, restate and incorporate by reference their responses to Paragraphs 1 through 71.

35.    Deny the allegations set forth in Paragraphs 73 and 74

36.    Deny all allegations not specifically admitted herein

### SECOND DEFENSE

37.    Plaintiff fails to state a claim upon which relief can be granted

### THIRD DEFENSE

38    Some or all of Plaintiff's claims are barred by the doctrines of estoppel, laches, and/or waiver.

-4-

### FOURTH DEFENSE

39.    Some or all of Plaintiff's claims are barred due to Plaintiff's unclean hands.

### FIFTH DEFENSE

40.    Plaintiff's fraud and conspiracy claims fail to state the allegations with particularity.

### SIXTH DEFENSE

41.    Some or all of Plaintiff's claims are barred by the statute of limitations.

### SEVENTH DEFENSE

42.    Some or all of Plaintiff's claims are barred by the intervening acts of other parties.

### EIGHTH DEFENSE

43.    Plaintiffs have failed to mitigate damages.

### NINTH DEFENSE

44.    The claims of the patent in suit are invalid and/or unenforceable.

### TENTH DEFENSE

45.    Many of the Defendants named by Plaintiff have not sold any products.

### ELEVENTH DEFENSE

46.    Some or all of Plaintiff's claims are barred because Defendants are not the real parties in interest.

### TWELFTH DEFENSE

47.    Some or all of Plaintiff's claims are barred as the manufacturer, not customers, is the primary party in interest.

## THIRTEENTH DEFENSE

48. Defendants reserve the right to raise additional defenses as discovery in this case proceeds and/or may warrant.

WHEREFORE, having fully answered, Defendants request that the First Amended Complaint be dismissed with prejudice, costs to Plaintiff.

Respectfully submitted,

/s/David L. Drechsler
David L. Drechsler #0042620
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
1375 E. 9th Street, Suite 1700
Cleveland, Ohio 44114
Telephone: (216) 621-5300
Facsimile: (216) 621-5440
Email: ddrechsler@bdblaw.com

*Attorneys for Defendants Waiora USA, Inc.; Waiora International, LLC; Waiora Holdings, LLC; Waiora, LLC; Waiora Australia, LLC; Waiora Hong Kong, LLC; Stanley J. Cherelstein and Kelley Spears*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2007, a copy of the foregoing *Defendants' Answer to First Amended Complaint* was filed electronically in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

/s/David L. Drechsler

«CL2:310226_v1»