**IN THE UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **LIFELINK PHARMACEUTICALS, INC.,** | ) | CASE NO. 5:07-cv-00785-JG |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | MAGISTRATE JUDGE GALLAS |
| v. | ) | |
| | ) | |
| **NDA CONSULTING, INC.**, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### NDA CONSULTING INC.'S AND ERIK DEITSCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants NDA Consulting, Inc. ("NDA") and Erik Deitsch ("Rik Deitsch") (hereinafter referred to collectively as "Defendants"), by and through their undersigned counsel, hereby files this, their Answer and Affirmative Defenses and state:

### THE PARTIES

1.      Defendants admit the first two sentences of paragraph 1.  Defendants are without sufficient information or knowledge to admit or deny the allegations contained in the second sentence of Paragraph 1.  Defendants deny the last sentence of paragraph 1.  In particular, Defendants deny that any product practicing the '045 Patent has ever been sold in the marketplace or that the specific product names listed refer to products practicing the '045 Patent. Unless otherwise stated, for purposes of this Answer, Defendants will interpret the term "Product" to mean a product practicing the '045 Patent.

2.      Admitted.

3.      Admitted.

4.      Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 4.

5.      Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 5.

6.      Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 6.

7.      Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 7.

8.      Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 8.

9.      Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 9.

10.      Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 10.

11.      Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 11.

12.      Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 12.

13.      Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 13.

14.      Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 14.

15.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 15.

16.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 16.

17.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 17.

18.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 18.

19.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 19.

20.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 20.

21.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 21.

## JURISDICTION AND VENUE

22.     Paragraph 22 purports to assert legal conclusions to which Defendants are not required to respond.  To the extent a response is deemed required, Defendants deny.

23.     Paragraph 23 purports to assert legal conclusions to which Defendants are not required to respond.  To the extent a response is deemed required, Defendants deny.

24.     Defendants admit that this Court has personal jurisdiction over them, but otherwise deny the remaining allegations of Paragraph 24.

## THE NATURE OF THE ACTION

25.     Denied.

26.     Admitted.

27.     Admitted.

28.     Admitted

29.     Denied

30.     Denied.

31.     Admitted.

32.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 32.

33.     Denied.

34.     Defendants admit the first and second sentences of Paragraph 34.  Defendants are without sufficient information or knowledge to admit or deny the allegations of the third sentence of Paragraph 34 that speak solely to Plaintiff's beliefs.

35.     Denied.

36.     Denied.

37.     Defendants admit that NDA did not establish a web site but are without sufficient information or knowledge to admit or deny the balance of Paragraph 37.

38.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 38.

39.     Defendants admit that NDA made payments corresponding to the list included in Paragraph 39, but deny the remainder of paragraph.

40.     Admitted.

41.     Defendants are without sufficient information or knowledge to admit or deny the allegations of the first sentence of Paragraph 41 regarding Plaintiff's knowledge and motivations.

Defendants admit that counsel for Plaintiff made contact with NDA's counsel, Frederick Lehrer, and that Mr. Lehrer's letter in response speaks for itself.

42.     Defendants admit that Mr. Lehrer wrote a letter dated July 6, 2006 containing the passages quoted in the first and second sentences of Paragraph 42.  Defendants deny the remaining portions of the first and second sentences of Paragraph 42.  Defendants deny the third sentence of paragraph 42 to the extent that it alleges that NDA or its agents engaged in advertising or informing the public.  Defendants are without sufficient information or knowledge to admit or deny the allegations of the third sentence of Paragraph 42 regarding the actions of others.

43.     Defendants are without sufficient information or knowledge to admit or deny the allegations of the first sentence of Paragraph 43 regarding Plaintiff's knowledge and motivations. Defendants admit the remaining portions of Paragraph 43.

44.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 44, other than to admit that the email speaks for itself.

45.     Admitted.

## COUNT ONE – PATENT INFRINGEMENT

46.     Defendants incorporate their responses to Paragraphs 1-45.

47.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 47 regarding the actions of others.  Defendants deny the remainder of Paragraph 47.

48.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 48 regarding the actions of others.  Defendants deny the remainder of Paragraph 48.

49.     Paragraph 49 purports to assert legal conclusions to which Defendants are not required to respond.  To the extent a response is deemed required, Defendants deny.

50.     Paragraph 50 purports to assert legal conclusions to which Defendants are not required to respond.  To the extent a response is deemed required, Defendants deny.

51.     Defendants are without sufficient information or knowledge to admit or deny the allegations of the Paragraph 51 regarding Plaintiff's belief.  Additionally, Paragraph 51 purports to assert legal conclusions to which Defendants are not required to respond.  To the extent a response is deemed required, Defendants deny.

## COUNT TWO – BREACH OF CONTRACT

52.     Defendants incorporate their responses to Paragraphs 1-51.

53.     Denied.

54.     Denied.

55.     Paragraph 55 purports to assert legal conclusions to which Defendants are not required to respond.  To the extent a response is deemed required, Defendants deny.

## COUNT THREE – FRAUD

56.     Defendants incorporate their responses to Paragraphs 1-55.

57.     Admitted.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Paragraph 64 purports to assert legal conclusions to which Defendants are not required to respond.  To the extent a response is deemed required, Defendants deny.

## COUNT FOUR – CONSPIRACY

65.     Defendants incorporate their responses to Paragraphs 1-64.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Paragraph 69 purports to assert legal conclusions to which Defendants are not required to respond.  To the extent a response is deemed required, Defendants deny.

## COUNT FIVE – CONSPIRACY

70.     Defendants incorporate their responses to Paragraphs 1-69.

71.     Denied.

## COUNT SIX – DECLARATORY JUDGMENT

72.     Defendants incorporate their responses to Paragraphs 1-71.

73.     Paragraph 73 purports to assert legal conclusions to which Defendants are not required to respond.  To the extent a response is deemed required, Defendants admit.

74.     Paragraph 74 purports to assert legal conclusions to which Defendants are not required to respond.  To the extent a response is deemed required, Defendants deny.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

**<u>Second Affirmative Defense</u>**

Plaintiff's claim of patent infringement is barred by the invalidity and/or unenforceability of the '045 Patent.

**<u>Third Affirmative Defense</u>**

Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

**<u>Fourth Affirmative Defense</u>**

Some or all of Plaintiff's claims are barred by the doctrine of laches.

**<u>Fifth Affirmative Defense</u>**

Some or all of Plaintiff's claims are barred by the doctrine of waiver.

**<u>Sixth Affirmative Defense</u>**

Some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

**<u>Seventh Affirmative Defense</u>**

Some or all of Plaintiff's claims are subject to the defense of set-off.

**<u>Eighth Affirmative Defense</u>**

Plaintiff's breach of contract and declaratory judgment claims are subject to the defense of payment.

**<u>Ninth Affirmative Defense</u>**

Plaintiff's breach of contract and declaratory judgment claims are barred due to failure of consideration.

**<u>Tenth Affirmative Defense</u>**

Plaintiff's breach of contract and declaratory judgment claims are barred due to unenforceability or voidness of the contract.

### Eleventh Affirmative Defense

Plaintiff's breach of contract and declaratory judgment claims are barred due to frustration of the contract's purpose.

### Twelfth Affirmative Defense

Plaintiff's breach of contract and declaratory judgment claims are barred by Plaintiff's breach and/or anticipatory repudiation of the contract.

### Thirteenth Affirmative Defense

Some or all of Plaintiff's claims are barred under the doctrine of election of remedies.

### Fourteenth Affirmative Defense

Plaintiff's fraud and conspiracy claims must fail due to lack of reasonable reliance.

### Fifteenth Affirmative Defense

Plaintiff's fraud and conspiracy claims must fail due to the truthfulness of the alleged misrepresentations.

### Sixteenth Affirmative Defense

Some or all of Plaintiff's claims are barred by the statute of limitations.

### Seventeenth Affirmative Defense

Plaintiff's conspiracy claim must fail due to the inability of an agent to conspire with his principal.

### Eighteenth Affirmative Defense

Plaintiff's breach of contract and declaratory judgment claims are barred by the nonoccurrence of a condition precedent.

### Nineteenth Affirmative Defense

Plaintiff has failed to mitigate damages.

## **Twentieth Affirmative Defense**

Plaintiff's fraud and conspiracy claims fail to state the allegations with particularity.

## **Twenty-First Affirmative Defense**

Plaintiff's fraud and conspiracy claims are barred by the economic loss rule.


          /s Phillip E. Dubé

Phillip E. Dubé (Va. Bar No. 43470)
Gary C. Rosen (Fla. Bar No. 310107)
BECKER & POLIAKOFF, P.A.
3111 Stirling Road
Fort Lauderdale, FL  33312
Telephone:     (954) 987-7550
Facsimile:      (954) 985-4176
E-mail: pdube@becker-poliakoff.com
E-mail: grosen@becker-poliakoff.com
Admitted *Pro Hac Vice*

Robert T. Glickman (Bar. No. 0059579)
Kimberly A. Brennan (Bar. No. 0061625)
McCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., L.P.A.
101 W. Prospect Avenue, Suite 1800
Cleveland, OH  44115
Telephone:     (216) 696-1422
Facsimile:      (216) 696-1210
E-mail: rtg@mccarthylebit.com
E-mail: kab@mccarthylebit.com

**Attorneys for NDA Consulting, Inc.**
**    and Erik Deitsch**

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2007, a copy of the forgoing Answer and Affirmative Defenses was electronically filed.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

       /s Phillip E. Dubé

Phillip E. Dubé (Va. Bar No. 43470)
BECKER & POLIAKOFF, P.A.
3111 Stirling Road
Fort Lauderdale, FL  33312
Telephone:     (954) 987-7550
Facsimile:     (954) 985-4176
E-mail: pdube@becker-poliakoff.com
Admitted *Pro Hac Vice*

**Attorneys for NDA Consulting, Inc.
    and Erik Deitsch**