**IN THE UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **LIFELINK PHARMACEUTICALS, INC.**, | CASE NO. 5:07-cv-00785-JG |
| Plaintiff, | JUDGE JAMES S. GWIN |
| | MAGISTRATE JUDGE GALLAS |
| v. | |
| **NDA CONSULTING, INC.**, et al., | |
| Defendants. | |

**NDA CONSULTING, INC.'S AND ERIK DEITSCH'S MOTION TO DISMISS
PLAINTIFF'S FRAUD AND CONSPIRACY CLAIMS**

Defendants NDA Consulting, Inc. ("NDA") and Erik Deitsch ("Rik Deitsch"), by and through their undersigned counsel, hereby files this Motion to Dismiss Plaintiff's Fraud and Conspiracy claims, pursuant to Fed. R. Civ. Pro. Rules 9 and 12(b)(6), and state as follows:

**INTRODUCTION**

Plaintiff Lifelink Pharmaceuticals, Inc. ("Lifelink") has sued NDA, its president Rik Deitsch, and others under a six count complaint alleging, among other things, breach of contract, fraud, and conspiracy. The parties' dispute centers on their rights and obligations regarding the '045 Patent owned by Lifelink. In 2004, Lifelink and NDA entered into a license agreement granting NDA rights to distribute products covered by the '045 Patent. Approximately two years later, a dispute arose between NDA and Lifelink regarding the scope of the license, monies allegedly owing under the license, and NDA's obligations based on the products it sold.

That dispute gave rise to this lawsuit. While NDA and Rik Deitsch challenge and will refute all of Lifelink's allegations and claims, its claims of fraud and conspiracy are especially lacking and should be dismissed pursuant to Fed. R. Civ. P. Rules 9 and 12(b)(6).

## PLAINTIFF'S FRAUD CLAIM SHOULD BE DISMISSED UNDER RULE 9 AND RULE 12(b)(6)

Count Three, Plaintiff's ambiguous claim of fraud, actually breaks down into two distinct claims: fraudulent inducement and fraud in the performance of the contract. See Complaint at ¶ 62 ("The aforementioned representations were made with the intention that Plaintiff would rely on them and [1] be induced to enter into the Agreement or [2] to not seek to enforce their [sic] rights under the Agreement or otherwise."). Plaintiff's claim of fraudulent inducement should be dismissed as lacking the particularity required by Rule 9. Plaintiff's claim of fraud in the performance of the contract should be dismissed for failure to state a claim upon which relief can be granted due to the application of the economic loss rule.

*Plaintiff's Claim of Fraudulent Inducement Lacks the Particularity Required by Rule 9*

Federal Rule of Civil Procedure 9(b) requires that in a claim of fraud "the circumstances constituting fraud . . . shall be stated with particularity." The Sixth Circuit has interpreted Rule 9(b) as mandating that a "plaintiff must, at a minimum, allege the time, place and content of the misrepresentations; the defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud." Power & Telephone Supply Co. v. SunTrust Banks, Inc., 447 F.3d 923, 931 (6th Cir. 2006).

Under this standard, Plaintiff's claim of fraudulent inducement clearly lacks sufficient particularity. Count Three (Fraud) alleges simply that "Defendants Deitsch and NDA made representations as to the existence and status of 'the German Division of MRI Labs'" and that "[u]pon information and belief, the 'German Division of MRI Labs' was never available to

Deitsch or NDA as represented." (Complaint at ¶¶ 57-58). Such broad allegations are facially deficient under Rule 9. The count fails to specify where, when, and to whom the alleged representations were made. Further, the count neglects to include the content of the alleged misrepresentations. Finally, Rule 9 prohibits Plaintiff from basing its assertion that "the 'German Division of MRI Labs' was never available to Deitsch or NDA as represented" upon "information and belief." See Sanderson v. HCA-The Healthcare Company, 447 F.3d 873, 878 (6th Cir. 2006); 27 Federal Procedure, Lawyers Edition, § 62:144 (2006) ("[o]rdinarily allegations of fraud based on information and belief do not satisfy the particularity requirements of FRCP 9(b)"); 37 Am. Jur. 2d Fraud and Deceit § 454 (2007) ("[a]llegations of fraud may generally not be based on information and belief"). Plaintiff sets forth absolutely no factual basis for this belief – upon which most of its fraud claim is premised.

Similarly, Plaintiff's single other allegation in the Complaint regarding the "German Division of MRI Labs" also lacks the particularity required by Rule 9. In the section titled "The Nature Of The Action," Plaintiff alleges that "according to representations made by Deitsch and as stated in the Agreement, [the German Division of MRI Labs] was expected to commence on or about April 1, 2004." Id. at ¶ 28. Like the allegations in Count Three, this allegation fails to state the content of the alleged misrepresentations and specify where, when, and to whom the alleged misrepresentations were made. Further, besides impermissibly relying on the bare "belief" that "the 'German Division of MRI Labs' was never available to Deitsch or NDA as represented," Plaintiff has made no allegation that this alleged representation was false when made. Due to this complete failure to plead fraudulent inducement with the required particularity, Plaintiff's claim should be dismissed under Rule 9.

*Plaintiff's Claim of Fraud in the Performance of the Contract is Barred by the Economic Loss Rule and Should Be Dismissed Under Rule 12(b)(6)*

The other part of Plaintiff's fraud claim, fraud in the performance of the contract, appears to be based on two specific acts: (1) that Rik Deitsch, *after the parties entered into a licensing agreement*, indicated via email that NDA was having problems with "the German group" (Complaint at ¶ 34); and, (2) that "Deitsch, NDA and Waiora, through their agent Lehrer, made representations to Plaintiff to the effect that they ceased selling the Product." Id. at ¶ 59. Plaintiff's claim for fraud based on these claims is barred by the economic loss rule, and must be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6). See, e.g., Brainard v. American Skandia Life Assurance Corp., 432 F.3d 655, 664-65 (6th Cir. 2005) (affirming trial court's dismissal of tort claims under Rule 12(b)(6) pursuant to Ohio economic loss rule).

Ohio has adopted the economic loss rule: "[t]ort law is not designed . . . to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement. . . . It remains the particular province of the law of contracts." Floor Craft Floor Covering, Inc. v. Parma Comm. General Hosp. Assn., 560 N.E.2d 206, 211 (Ohio 1990). This means, as a general rule, that "if a claim relates to fraud in the performance of a contract, there can be no recovery of fraud damages unless the fraud claim is independent of the contract claim." 37 Am. Jur. 2d Fraud and Deceit § 369 (2007); see also Williams Elec. Co. v. Honeywell, Inc., 772 F.Supp. 1225, 1238 (N.D. Fla. 1991) ("economic loss rule bars a fraud recovery with respect to claims of fraud in the performance"). Breach of a duty imposed by contract is only actionable by an action for breach of contract.

Taking Plaintiff's allegations at face value, the economic loss rule bars Plaintiff's fraud in the performance claim because the claim, based entirely on post-agreement statements relating to

4

the subject matter of the contract, seeks to impose tort liability for a duty arising out of the parties' agreement.  The Complaint alleges that on March 9, 2004, Plaintiff and NDA entered into a licensing agreement covering NDA's production and sale of products covered by the '045 patent.  Complaint at ¶¶ 27-28.  Once entered into, that agreement gave rise to, and governed, whatever duties NDA had towards Plaintiff relating to the subject matter of the agreement: NDA's production and distribution of products covered by the '045 patent.  Plaintiff does not, and cannot, provide a basis other than the licensing agreement under which NDA owed Plaintiff any duty.  See, e.g., Mafcote v. Genatt Assocs., Inc., 2007 WL 527870, at *9 (S.D. Ohio Feb. 14, 2007) (holding that breach of duty of good faith and fair dealing barred by economic loss doctrine).  Plaintiff's claim that NDA made post-agreement misrepresentations – relating to problems it was having with its distributor and that it didn't owe license fees because that its products were not covered by the '045 Patent and license – goes directly to the parties' contractual rights and duties and cannot form the basis of a fraud claim.  See Textron Financial Corp. v. Nationwide Mutual Ins. Co., 684 N.E.2d 1261, 1270 (Ohio Ct. App. 1996) ("A tort claim . . . will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed.").  Therefore, Plaintiff's claim of fraud in the performance of the contract is barred by the economic loss doctrine and should be dismissed.

## PLAINTIFF'S CONSPIRACY CLAIM SHOULD BE DISMISSED UNDER RULE 12(b)(6)

Lifelink also seeks damages for an alleged "conspiracy" between a number of the Defendants.  In particular, Count Four alleges that "Deitsch, NDA, Waiora and Cherelstein conspired to defraud Plaintiff of its rights to the benefit of the '045 Patent."  Complaint at ¶ 66.

As a general matter, "Ohio does not recognize conspiracy as an independent tort." See Chesher v. Neyer, 477 F.3d 784, 796 (6th Cir. 2007) (citing Orbit Electronics, Inc. v. Helm Instrument Co., 855 N.E.2d 91 (Ohio Ct. App. 2006)). However, Ohio law does recognize a civil claim that two or more parties "maliciously combin[ed]" to commit an unlawful act. Orbit Electronics, 855 N.E.2d at 100. As a result, a plaintiff "cannot prove conspiracy to commit fraud without first proving fraud, the underlying unlawful act." Id.

Plaintiff bases its claim of conspiracy to defraud on four alleged misrepresentations. Two of these alleged misrepresentations are the same as the alleged misrepresentations underlying its fraud claim: "(1) misrepresenting the status of NDA's relationship with 'the German Division of MRI Labs;" and "(3) misrepresenting to Plaintiff that their Natural Cellular Defense product was not covered by the '045 Patent." Complaint at ¶ 66. As discussed above, these allegations are insufficient to form the basis of a fraud claim. Therefore, they are also insufficient to form the basis of a claim of conspiracy to defraud. See Orbit Electronics, 855 N.E.2d at 100.

The two additional alleged bases are also insufficient to give rise to a fraud claim: "(2) misrepresenting the terms of the Agreement to the public; . . . [and,] (4) refusing to account to Plaintiff for all orders of the Product from the manufacturer and/or sales to distributors and/or the consuming public, thereby claiming justification for non-payment of license fees." Complaint at ¶ 66.

Alleged act (2) – "misrepresenting the terms of the Agreement *to the public*" – fails in numerous respects as a basis for a fraud claim. First, it lacks the particularity required by Rule 9. There is no mention of the specific time, place, and content of the alleged misrepresentations, let alone who made them. See Power & Telephone Supply Co., 447 F.3d at 931 (indicating the minimum requirements for satisfying Rule 9). Second, alleged act (2) was a misrepresentation *to*

*the public*, not to the Plaintiff.  The Complaint fails to allege that the statement was made with the intent to mislead *Plaintiff*, or how *Plaintiff* justifiably relied on it to its detriment.  Intent to mislead and justifiable reliance are required elements of fraud, and their absence demands dismissal under Rule 12(b)(6).  See Orbit Electronics, 855 N.E.2d at 100 (providing elements of fraud under Ohio law, including intent to mislead and justifiable reliance).[1]

Finally, alleged act (4) – "refusing to account to Plaintiff for all orders of the Product from the manufacturer and/or sales to distributors and/or the consuming public, thereby claiming justification for non-payment of license fees" – also fails in many respects as a basis for a fraud claim.  First, the allegation lacks the particularity required by Rule 9.  It doesn't, in fact, allege that the Defendants said anything at all, let alone when and where such non-statements were made.  See Power & Telephone Supply Co., 447 F.3d at 931.  Also, the complaint fails to allege how, if at all, the Defendants intended to mislead Plaintiff or how Plaintiff justifiably relied on Defendants' alleged non-statements and refusal to account.  See Orbit Electronics, 855 N.E.2d at 100.  Additionally, as discussed above, Defendants' alleged duty to account for and pay licensing fees under the license agreement arose only out of that agreement.  Under the economic loss doctrine, breach of a contractual duty may not form the basis for fraud.  See Textron Financial Corp., 684 N.E.2d at 1270.

Since Plaintiff has failed to adequately allege a claim of fraud, its claim of conspiracy to commit fraud must also fail.  See Orbit Electronics, 855 N.E.2d at 100.

---

[1] In Ohio, the elements of a claim for fraud are
(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.
Orbit Electronics, Inc. v. Helm Instrument Co., 855 N.E.2d 91, 100 (Ohio Ct. App. 2006).

## **CONCLUSION**

Plaintiff fails to adequately allege a claim for fraud, either as a "stand-alone" claim or as a basis for a conspiracy claim. Therefore, Plaintiff's claims of fraud and conspiracy should be dismissed pursuant to Federal Rules of Civil Procedure 9 and 12(b)(6).

       /s Phillip E. Dubé
Phillip E. Dubé (Va. Bar No. 43470)
Gary C. Rosen (Fla. Bar No. 310107)
BECKER & POLIAKOFF, P.A.
3111 Stirling Road
Fort Lauderdale, FL  33312
Telephone:    (954) 987-7550
Facsimile:     (954) 985-4176
E-mail: pdube@becker-poliakoff.com
E-mail: grosen@becker-poliakoff.com
Admitted *Pro Hac Vice*

Robert T. Glickman (Bar. No. 0059579)
Kimberly A. Brennan (Bar. No. 0061625)
McCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., L.P.A.
101 W. Prospect Avenue, Suite 1800
Cleveland, OH  44115
Telephone:    (216) 696-1422
Facsimile:     (216) 696-1210
E-mail: rtg@mccarthylebit.com
E-mail: kab@mccarthylebit.com

**Attorneys for NDA Consulting, Inc.
  and Erik Deitsch**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2007, a copy of the forgoing Motion to Dismiss Plaintiff's Fraud and Conspiracy Claims was electronically filed.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

      /s Phillip E. Dubé
Phillip E. Dubé (Va. Bar No. 43470)
BECKER & POLIAKOFF, P.A.
3111 Stirling Road
Fort Lauderdale, FL  33312
Telephone:     (954) 987-7550
Facsimile:      (954) 985-4176
E-mail: pdube@becker-poliakoff.com
Admitted *Pro Hac Vice*

**Attorneys for NDA Consulting, Inc.
  and Erik Deitsch**