UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LIFELINK PHARMACEUTICALS, INC., | ) |
| | ) CASE NO. 5:07-cv-00785-JG |
| Plaintiff, | ) |
| | ) JUDGE JAMES S. GWIN |
| v. | ) |
| | ) **DEFENDANT CUSTOMERS' MOTION** |
| NDA CONSULTING, INC., *et al.* | ) **TO STAY PENDING RESOLUTION** |
| | ) **BETWEEN NDA CONSULTING, INC.** |
| Defendants. | ) **AND LIFELINK** |
| | ) **PHARMACEUTICALS, INC.** |

Defendant customers, David Bynum, d/b/a www.zeolitebodydetox.com; Rowan Emrys and John Hanna, d/b/a www.tarryall.net; David Ewing, d/b/a www.kz1300.com; Adrian Goad, d/b/a www.allnaturalprevention.com; Kelley Spears; Health Is Wealth Maui, LLC, d/b/a www.healthiswealthmaui.com; Purify Your Body, LLC, d/b/a www.purifyyourbody.com; Robin Reno, d/b/a www.ncdwaiora.com; and Lloyd Wright, d/b/a www.hepatitiscfree.com (collectively, "Customers"), by and through their undersigned counsel, respectfully file this Motion to Stay the Litigation against them pending resolution of this litigation between NDA Consulting, Inc. ("NDA") and Lifelink Pharmaceuticals, Inc. ("Lifelink"), the real parties of interest.

### I. INTRODUCTION

Lifelink has sued NDA, joining Waiora USA, Inc. ("Waiora"), and other Waiora entities, and several of Waiora's Customers, alleging, *inter alia*, patent infringement of Lifelink's U.S. Patent No. 6,288,045 (the "Patent"). Lifelink has improperly joined Waiora's Customers in this controversy. They are simply customers of Waiora, who is a customer of the real party in

interest, NDA. Lifelink has alleged that Waiora's Customers have infringed on the Patent by purchasing Waiora's Natural Cellular Defense (the "Product"), a product Waiora purchases from NDA. Waiora offers its Customers a discounted bulk rate if they sign up as "distributors". Lifelink alleges they are "market distributors" who sell the Product on behalf of Waiora. Most of the Customers, however, are enrolled as "distributors" solely to get the Product at a discounted rate.[1] Lifelink has joined these individual Customers as defendants to merely harass Waiora and interfere with Waiora's established business relationships.

## II. LAW AND ARGUMENT

### A. Standard of Review

"The power of a federal trial court to stay its proceedings . . . is beyond question." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). "When and how to stay proceedings is within the sound discretion of the trial court." *Id.*

The Federal Circuit has identified a tri-partite formula for trial courts to employ when deciding whether to stay a case: (i) "a trial court must first identify a pressing need for the stay;" (ii) "the court must then balance interests favoring a stay against interests frustrated by the action;" and (iii) "overreaching this balancing is the court's paramount obligation to exercise jurisdiction timely in cases properly before it." *Cherokee Nation*, at 1416.

### B. Because Courts Prefer Manufacturer Suits Over Customer Suits in Patent Litigation, The Claims Against the Customers Should Be Stayed.

A court's preference of involving the manufacturer in a suit as the real party in interest is further evidenced by the "customer suit" exception in patent litigation. "The customer suit

---

[1] In reality, most of these "distributors" are consumers who suffer from serious health ailments. They purchase the Product for their own personal use. Further, these individuals live in Hawaii, California, Oregon, Texas, Colorado, Minnesota and Tennessee, making their involvement in this litigation burdensome and costly.

-2-

exception is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989). Under this rule, suits by patent holders against customers of an alleged source of infringing product should be stayed pending resolution of the suit between the product source or manufacturer and patent owner. *Refac International, Ltd. v. IBM*, 790 F.2d 79, 80-81 (Fed. Cir. 1986) (upholding stay of patent holder's claims against customers).

Courts have reasoned that "the manufacturer is the true defendant in the customer suit . . . it is a simple fact of life that a manufacturer must protect its customers, either as matter of contract, or good business, or in order to avoid the damaging impact of the adverse ruling against its product." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (quoting *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977).

Staying this action would not frustrate Lifelink's interests in this action. The only interest of Lifelink's that would be frustrated by a stay is its heavy handed strategic move to join Waiora's Customers in this litigation when there is no reason to do so. This is not the type of interest this Court should protect. Rather, it is the Customers' interests that favor a stay.

Further, courts prefer suits to involve the primary party in interest to the controversy, such as NDA, the manufacturer, rather than involving secondary defendants, such as the Customers. In this case, the Customers are not necessary to reach a resolution of this controversy. They are not even customers of the manufacturer. Therefore, a stay should be granted for the Customers, pending resolution between the real parties in interest, NDA and Lifelink.

C. **The Court Can Stay the Litigation Against These Individual Defendants and Still Timely Exercise Jurisdiction Because Lifelink Can Be Made Whole By A Judgment Against NDA, Barring Further Recovery Against the Customers.**

Staying the action against these Customers does not preclude this Court from proceeding with the litigation against NDA, the primary party in interest. Rather, because Lifelink can be made whole by a judgment against NDA, there is no need for these Customers to remain active in this litigation.

"A patentee who suffers lost profits or loss of royalty income ordinarily can be compensated and made whole by the manufacturing infringer. In the usual course of events, the length of the accused manufacturer's distribution chain should have no impact on the patentee's ability to be made whole by the manufacturer." *Jerry R Selinger and Jessica W Young, Suing an Infringing Competitor's Customers: Or, Life under the Single Recovery Rule*, 31 J Marshall L. Rev. 19, 52 (1997). "[C]ourts, including the Supreme Court, have held that parties that make and sell an infringing device are joint tortfeasors with parties that purchase an infringing device for use or resale." *Shockley v. Arcan, Inc*, 248 F. 3d 1349, 1364 (Fed. Cir. 2001); *see, also, Birdsell v. Shaliol*, 112 U.S. 485, 488-89 (1884). However, the patentee can only collect a single recovery of the damages from the joint tortfeasors. *Id*

Lifelink, if it can even establish patent infringement, can be fully satisfied by a judgment against NDA. Further, judgment cannot be collected from Waiora or Waiora's Customers for the same infringement, as it would be barred by the single recovery rule. Because no relief can be granted Lifelink against these Customers under any set of facts that could be proven consistent with the allegations, a stay is appropriate until the litigation against NDA is resolved. These Customers are not necessary parties to this controversy for any recovery related to the alleged infringement of the patent at issue, and, as such, litigation against them should be stayed pending resolution of this controversy between Lifelink and NDA, the real parties in interest.

-4-

### III. CONCLUSION

Because there is a pressing need for the stay, the interests of the Customers versus those of Lifelink favor a stay and the Court can proceed with Lifelink and NDA, the real parties in interest in this dispute. These Customers respectfully request this Court stay the action against them pending resolution between Lifelink and NDA.

Respectfully submitted,

*/s/David L. Drechsler*
David L. Drechsler #0042620
Ryan J. Morley #0077452
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
1375 E. 9th Street, Suite 1700
Cleveland, Ohio 44114
Telephone: (216) 621-5300
Facsimile: (216) 621-5440
Email: ddrechsler@bdblaw.com

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2007, a copy of the foregoing **Defendant Customers' Motion to Stay Pending Resolution Between NDA Consulting, Inc. and Lifelink Pharmaceuticals, Inc.** was filed electronically in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

/s/David L. Drechsler

«CL2:311714_v1»