IN THE UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LIFELINK PHARMACEUTICALS, INC.,** | CASE NO. 5:07-cv-00785-JG |
| Plaintiff, | JUDGE JAMES S. GWIN |
| | MAGISTRATE JUDGE GALLAS |
| v. | |
| **NDA CONSULTING, INC.**, et al., | |
| Defendants. | |

### NDA CONSULTING INC.'S AND ERIK DEITSCH'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Pursuant to the Case Management Order entered in this case on July 20, 2007 (docket entry no. 90), Defendants NDA Consulting, Inc. ("NDA") and Erik Deitsch ("Rik Deitsch") (hereinafter referred to collectively as "Defendants"), by and through their undersigned counsel, hereby files this, their Amended Answer to First Amended Complaint and Counterclaim[1] and state:

### THE PARTIES

1. Defendants admit the first two sentences of paragraph 1. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in the second sentence of Paragraph 1. Defendants deny the last sentence of paragraph 1. In particular, Defendants deny that any product practicing the '045 Patent has ever been sold in the marketplace or that the specific product names listed refer to products practicing the '045 Patent.

---

[1] This Amended Answer to First Amended Complaint and Counterclaim supersedes and renders moot the Motion For Leave to File Amended Affirmative Defenses and Added Counterclaim filed by NDA Consulting, Inc. and Erik J. Deitsch on June 15, 2007.

Unless otherwise stated, for purposes of this Answer, Defendants will interpret the term "Product" to mean a product practicing the '045 Patent.

2. Admitted.

3. Admitted.

4. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 4.

5. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 5.

6. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 6.

7. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 7.

8. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 8.

9. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 9.

10. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 10.

11. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 11.

12. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 12.

13. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 13.

14. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 14.

15. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 15.

16. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 16.

17. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 17.

18. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 18.

19. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 19.

20. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 20.

21. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 21.

## JURISDICTION AND VENUE

22. Paragraph 22 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

23. Paragraph 23 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

24. Defendants admit that this Court has personal jurisdiction over them, but otherwise deny the remaining allegations of Paragraph 24.

## THE NATURE OF THE ACTION

25. Denied.

26. Admitted.

27. Admitted.

28. Admitted

29. Denied

30. Denied.

31. Admitted.

32. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 32.

33. Denied.

34. Defendants admit the first and second sentences of Paragraph 34. Defendants are without sufficient information or knowledge to admit or deny the allegations of the third sentence of Paragraph 34 that speak solely to Plaintiff's beliefs.

35. Denied.

36. Denied.

37. Defendants admit that NDA did not establish a web site but are without sufficient information or knowledge to admit or deny the balance of Paragraph 37.

38. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 38.

4

39. Defendants admit that NDA made payments corresponding to the list included in Paragraph 39, but deny the remainder of paragraph.

40. Admitted.

41. Defendants are without sufficient information or knowledge to admit or deny the allegations of the first sentence of Paragraph 41 regarding Plaintiff's knowledge and motivations. Defendants admit that counsel for Plaintiff made contact with NDA's counsel, Frederick Lehrer, and that Mr. Lehrer's letter in response speaks for itself.

42. Defendants admit that Mr. Lehrer wrote a letter dated July 6, 2006 containing the passages quoted in the first and second sentences of Paragraph 42. Defendants deny the remaining portions of the first and second sentences of Paragraph 42. Defendants deny the third sentence of paragraph 42 to the extent that it alleges that NDA or its agents engaged in advertising or informing the public. Defendants are without sufficient information or knowledge to admit or deny the allegations of the third sentence of Paragraph 42 regarding the actions of others.

43. Defendants are without sufficient information or knowledge to admit or deny the allegations of the first sentence of Paragraph 43 regarding Plaintiff's knowledge and motivations. Defendants admit the remaining portions of Paragraph 43.

44. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 44, other than to admit that the email speaks for itself.

45. Admitted.

## COUNT ONE – PATENT INFRINGEMENT

46. Defendants incorporate their responses to Paragraphs 1-45.

47. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 47 regarding the actions of others. Defendants deny the remainder of Paragraph 47.

48. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 48 regarding the actions of others. Defendants deny the remainder of Paragraph 48.

49. Paragraph 49 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

50. Paragraph 50 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

51. Defendants are without sufficient information or knowledge to admit or deny the allegations of the Paragraph 51 regarding Plaintiff's belief. Additionally, Paragraph 51 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

## COUNT TWO – BREACH OF CONTRACT

52. Defendants incorporate their responses to Paragraphs 1-51.

53. Denied.

54. Denied.

55. Paragraph 55 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

## COUNT THREE – FRAUD

56. Defendants incorporate their responses to Paragraphs 1-55.

57. Admitted.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Paragraph 64 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

## COUNT FOUR – CONSPIRACY

65. Defendants incorporate their responses to Paragraphs 1-64.

66. Denied.

67. Denied.

68. Denied.

69. Paragraph 69 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

## COUNT FIVE – CONSPIRACY

70. Defendants incorporate their responses to Paragraphs 1-69.

71. Denied.

## COUNT SIX – DECLARATORY JUDGMENT

72. Defendants incorporate their responses to Paragraphs 1-71.

73. Paragraph 73 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants admit.

74. Paragraph 74 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claim of patent infringement is barred by the invalidity and/or unenforceability of the '045 Patent.

### Third Affirmative Defense

Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

### Fourth Affirmative Defense

Some or all of Plaintiff's claims are barred by the doctrine of laches.

### Fifth Affirmative Defense

Some or all of Plaintiff's claims are barred by the doctrine of waiver.

### Sixth Affirmative Defense

Some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

Some or all of Plaintiff's claims are subject to the defense of set-off.

### Eighth Affirmative Defense

Plaintiff's breach of contract and declaratory judgment claims are subject to the defense of payment.

### Ninth Affirmative Defense

Plaintiff's breach of contract and declaratory judgment claims are barred due to failure of consideration.

### Tenth Affirmative Defense

Plaintiff's breach of contract and declaratory judgment claims are barred due to unenforceability or voidness of the contract.

### Eleventh Affirmative Defense

Plaintiff's breach of contract and declaratory judgment claims are barred due to frustration of the contract's purpose.

### Twelfth Affirmative Defense

Plaintiff's breach of contract and declaratory judgment claims are barred by Plaintiff's breach and/or anticipatory repudiation of the contract.

### Thirteenth Affirmative Defense

Some or all of Plaintiff's claims are barred under the doctrine of election of remedies.

### Fourteenth Affirmative Defense

Plaintiff's fraud and conspiracy claims must fail due to lack of reasonable reliance.

### Fifteenth Affirmative Defense

Plaintiff's fraud and conspiracy claims must fail due to the truthfulness of the alleged misrepresentations.

### Sixteenth Affirmative Defense

Some or all of Plaintiff's claims are barred by the statute of limitations.

### Seventeenth Affirmative Defense

Plaintiff's conspiracy claim must fail due to the inability of an agent to conspire with his principal.

### Eighteenth Affirmative Defense

Plaintiff's breach of contract and declaratory judgment claims are barred by the nonoccurrence of a condition precedent.

### Nineteenth Affirmative Defense

Plaintiff has failed to mitigate damages.

### Twentieth Affirmative Defense

Plaintiff's fraud and conspiracy claims fail to state the allegations with particularity.

### Twenty-First Affirmative Defense

Plaintiff's fraud and conspiracy claims are barred by the economic loss rule.

### Twenty-Second Affirmative Defense

Defendants do not infringe, and have not infringed, directly or indirectly, any valid and enforceable claim of the '045 Patent literally or under the Doctrine of Equivalents.

### Twenty-Third Affirmative Defense

Plaintiff's claim of patent infringement is barred by license and/or contract.

### Twenty-Fourth Affirmative Defense

Plaintiff's claim of patent infringement is barred by patent invalidity arising from an on sale bar.

### Twenty-Fifth Affirmative Defense

Plaintiff's claim of patent infringement is barred by the invalidity of the patent claims as being obvious over prior art references and/or anticipated by prior art references.

### Twenty-Sixth Affirmative Defense

Any defense raised by any other Defendant relating to the validity of the patent in suit.

### Twenty-Seventh Affirmative Defense

The claims of the patent in suit are invalid and unenforceable for not complying with the requirements of 35 U.S.C. § 101, *et seq.*

### Twenty-Eighth Affirmative Defense

The claims of the patent in suit are invalid and unenforceable for failure to comply with the applicable rules, regulations, and directives of the U.S. Patent & Trademark Office pertaining to patents.

## COUNTERCLAIM

Defendants/Counterclaim-Plaintiffs, NDA Consulting, Inc. ("NDA") and Erik Deitsch ("Rik Deitsch") (hereinafter referred to collectively as "Counterclaim-Plaintiffs"), by and through their undersigned counsel, hereby sue Plaintiff/Counterclaim-Defendant, Lifelink Pharmaceuticals, Inc. ("Lifelink" or "Counterclaim-Defendant"), and state as follows:

### General Allegations

1. Counterclaim-Plaintiff NDA Consulting is a Florida corporation with its principal place of business in Parkland, Florida.

2. Counterclaim-Plaintiff Rik Deitsch is an individual residing in the state of Florida.

3. Counterclaim-Defendant Lifelink is an Ohio corporation having its principal place of business in Stow, Ohio.

4. On June 9, 2000, Harvey Kaufman filed a U.S. Patent Application entitled "Epithelial Cell Cancer Drug.

11

5. This application was granted and U.S. Patent No. 6,288,045 (the "'045 Patent") was issued on September 11, 2001 listing Lifelink as the assignee of the patent.

6. Lifelink purports to be the current owner of the '045 Patent.

7. On April 24, 2007, Lifelink filed its First Amended Complaint claiming that the '045 Patent is valid and enforceable and that NDA and Rik Deitsch, among others, infringed on the '045 Patent. Lifelink seeks damages for this alleged infringement.

8. Prior art exists rendering some or all of the formulation and/or method claims of the '045 Patent invalid and/or unenforceable due to obviousness under 35 U.S.C. §103 and/or anticipation under 35 U.S.C. §102.

9. Additionally, the claims of the patent in suit are invalid and/or unenforceable for not complying with the other requirements of Title 35 of the U.S. Code, including but not limited to sections 101, 102, 103, 112, *et seq*.

10. The patent in suit is invalid and/or unenforceable for failure to comply with the applicable rules, regulations, and directives of the U.S. Patent & Trademark Office pertaining to patents.

11. Pursuant to 28 U.S.C. § 2201(a) the '045 Patent should be declared invalid and/or unenforceable.

## Count I – Declaratory Judgment

12. Counterclaim-Plaintiffs NDA and Rik Deitsch incorporate the allegations of paragraphs 1 through 11 above of the counterclaim.

13. This claim seeks a declaratory judgment pursuant to 28 U.S.C. §2201(a).

14. Due to the suit filed by Counterclaim-Defendant Lifelink, there exists between Counterclaim-Plaintiffs NDA and Rik Deitsch and Counterclaim-Defendant Lifelink an actual controversy regarding the validity and effect of the '045 Patent.

15. A judicial declaration of invalidity and/or unenforceability is necessary and appropriate in order to resolve this controversy.

WHEREFORE, Counterclaim-Plaintiffs NDA and Rik Deitsch seek a declaratory judgment that some or all claims of the '045 Patent are invalid and/or unenforceable and any other relief that this Court deems just and proper.

/s Phillip E. Dubé
Phillip E. Dubé (Va. Bar No. 43470)
Gary C. Rosen (Fla. Bar No. 310107)
BECKER & POLIAKOFF, P.A.
3111 Stirling Road
Fort Lauderdale, FL  33312
Telephone:     (954) 987-7550
Facsimile:     (954) 985-4176
E-mail: pdube@becker-poliakoff.com
E-mail: grosen@becker-poliakoff.com
Admitted *Pro Hac Vice*

Robert T. Glickman (Bar. No. 0059579)
Kimberly A. Brennan (Bar. No. 0061625)
McCARTHY, LEBIT, CRYSTAL
 & LIFFMAN CO., L.P.A.
101 W. Prospect Avenue, Suite 1800
Cleveland, OH  44115
Telephone:     (216) 696-1422
Facsimile:     (216) 696-1210
E-mail: rtg@mccarthylebit.com
E-mail: kab@mccarthylebit.com

**Attorneys for NDA Consulting, Inc.
and Erik Deitsch**

13

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2007, a copy of the forgoing Amended Answer to First Amended Complaint and Counterclaim was electronically filed.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

_____/s Phillip E. Dubé_____
Phillip E. Dubé (Va. Bar No. 43470)
BECKER & POLIAKOFF, P.A.
3111 Stirling Road
Fort Lauderdale, FL  33312
Telephone:     (954) 987-7550
Facsimile:     (954) 985-4176
E-mail: pdube@becker-poliakoff.com
Admitted *Pro Hac Vice*

**Attorneys for NDA Consulting, Inc.
  and Erik Deitsch**
