IN THE UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LIFELINK PHARMACEUTICALS, INC.**, | CASE NO. 5:07-cv-00785-JG |
| Plaintiff, | JUDGE JAMES S. GWIN |
| | MAGISTRATE JUDGE GALLAS |
| v. | |
| **NDA CONSULTING, INC.**, et al., | |
| Defendants. | |

### NDA CONSULTING INC.'S AND ERIK DEITSCH'S ANSWER TO SECOND AMENDED COMPLAINT

Defendants NDA Consulting, Inc. ("NDA") and Erik Deitsch ("Rik Deitsch") (hereinafter referred to collectively as "Defendants"), by and through their undersigned counsel, hereby files this, their Answer to Plaintiff's Second Amended Complaint[1] and state:

### THE PARTIES

1. Defendants admit the first two sentences of paragraph 1. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in the second sentence of Paragraph 1. Defendants deny the last sentence of paragraph 1. In particular, Defendants deny that any product practicing the '045 Patent has ever been sold in the marketplace or that the specific product names listed refer to products practicing the '045 Patent. Unless otherwise stated, for purposes of this Answer, Defendants will interpret the term "Product" to mean a product practicing the '045 Patent.

2. Admitted.

3. Admitted.

4. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 4.

5. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 5.

6. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 6.

7. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 7.

8. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 8.

9. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 9.

10. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 10.

11. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 11.

12. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 12.

13. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 13.

---

[1] On October 30, 2007, Defendants filed their Second Amended Answer to First Amended Complaint and Counterclaims.  Defendants incorporate herein the counterclaims contained in that pleading.

14. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 14.

15. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 15.

16. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 16.

17. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 17.

18. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 18.

19. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 19.

20. Defendants admit the first and second sentences of Paragraph 20. Defendants deny the third sentence of Paragraph 20 to the extent that it implies that a license directly from Plaintiff would be required to manufacture, distribute, market, and/or sell the Product.

21. Defendants admit the first sentence of Paragraph 21. Defendants deny the second sentence of Paragraph 21 to the extent that it implies that a license directly from Plaintiff would be required to manufacture, distribute, market, and/or sell the Product. Defendants also deny the second sentence of Paragraph 21 to the extent that the term "manufactures" implies something more than processing of the raw ingredients.

22. Defendants deny the first sentence of Paragraph 22. Defendants deny the second sentence of Paragraph 22 to the extent that it implies that a license directly from Plaintiff would be required to manufacture, distribute, market, and/or sell the Product. Defendants also deny the

second sentence of Paragraph 22 to the extent that the term "manufactures" implies something more than processing of the raw ingredients.

23. Defendants admit the first sentence of Paragraph 23. Defendants deny the second sentence of Paragraph 23.

## JURISDICTION AND VENUE

24. Paragraph 24 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

25. Paragraph 25 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

26. Defendants admit that this Court has personal jurisdiction over them, but otherwise deny the remaining allegations of Paragraph 26.

## THE NATURE OF THE ACTION

27. Denied.

28. Admitted.

29. Admitted.

30. Admitted

31. Denied

32. Denied.

33. Admitted.

34. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 34.

35. Denied.

36. Defendants admit the first and second sentences of Paragraph 36.  Defendants are without sufficient information or knowledge to admit or deny the allegations of the third sentence of Paragraph 36 that speak solely to Plaintiff's beliefs.

37. Denied.

38. Denied.

39. Defendants admit that NDA did not establish a web site but are without sufficient information or knowledge to admit or deny the balance of Paragraph 39.

40. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 40.

41. Defendants admit that NDA made payments corresponding to the list included in Paragraph 41, but deny the remainder of paragraph.

42. Admitted.

43. Defendants are without sufficient information or knowledge to admit or deny the allegations of the first sentence of Paragraph 43 regarding Plaintiff's knowledge and motivations. Defendants admit that counsel for Plaintiff made contact with NDA's counsel, Frederick Lehrer, and that Mr. Lehrer's letter in response speaks for itself.

44. Defendants admit that Mr. Lehrer wrote a letter dated July 6, 2006 containing the passages quoted in the first and second sentences of Paragraph 44.  Defendants deny the remaining portions of the first and second sentences of Paragraph 42.  Defendants deny the third sentence of paragraph 44 to the extent that it alleges that NDA or its agents engaged in advertising or informing the public.  Defendants are without sufficient information or knowledge to admit or deny the allegations of the third sentence of Paragraph 44 regarding the actions of others.

45. Defendants are without sufficient information or knowledge to admit or deny the allegations of the first sentence of Paragraph 45 regarding Plaintiff's knowledge and motivations. Defendants admit the remaining portions of Paragraph 45.

46. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 46, other than to admit that the email speaks for itself.

47. Admitted.

## COUNT ONE – PATENT INFRINGEMENT

48. Defendants incorporate their responses to Paragraphs 1-47.

49. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 49 regarding the actions of others. Defendants deny the remainder of Paragraph 49.

50. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 50 regarding the actions of others. Defendants deny the remainder of Paragraph 48.

51. Paragraph 51 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

52. Paragraph 52 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

53. Defendants are without sufficient information or knowledge to admit or deny the allegations of the Paragraph 53 regarding Plaintiff's belief. Additionally, Paragraph 53 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

## COUNT TWO – BREACH OF CONTRACT

54. Defendants incorporate their responses to Paragraphs 1-53.

55. Denied.

56. Denied.

57. Paragraph 57 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

## COUNT THREE – FRAUD

58. Defendants incorporate their responses to Paragraphs 1-57.

59. Admitted.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Paragraph 66 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

## COUNT FOUR – CONSPIRACY

67. Defendants incorporate their responses to Paragraphs 1-67.

68. Denied.

69. Denied.

70. Denied.

71. Paragraph 71 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

## COUNT FIVE – UNJUST ENRICHMENT

72. Defendants incorporate their responses to Paragraphs 1-71.

73. Denied.

## COUNT SIX – DECLARATORY JUDGMENT

74. Defendants incorporate their responses to Paragraphs 1-73.

75. Paragraph 75 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants admit.

76. Paragraph 76 purports to assert legal conclusions to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claim of patent infringement is barred by the invalidity and/or unenforceability of the '045 Patent.

### Third Affirmative Defense

Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

### Fourth Affirmative Defense

Some or all of Plaintiff's claims are barred by the doctrine of laches.

### Fifth Affirmative Defense

Some or all of Plaintiff's claims are barred by the doctrine of waiver.

### Sixth Affirmative Defense

Some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

Some or all of Plaintiff's claims are subject to the defense of set-off.

### Eighth Affirmative Defense

Plaintiff's breach of contract and declaratory judgment claims are subject to the defense of payment.

### Ninth Affirmative Defense

Plaintiff's breach of contract and declaratory judgment claims are barred due to failure of consideration.

### Tenth Affirmative Defense

Plaintiff's breach of contract and declaratory judgment claims are barred due to unenforceability or voidness of the contract.

### Eleventh Affirmative Defense

Plaintiff's breach of contract and declaratory judgment claims are barred due to frustration of the contract's purpose.

### Twelfth Affirmative Defense

Plaintiff's breach of contract and declaratory judgment claims are barred by Plaintiff's breach and/or anticipatory repudiation of the contract.

### Thirteenth Affirmative Defense

Some or all of Plaintiff's claims are barred under the doctrine of election of remedies.

### Fourteenth Affirmative Defense

Plaintiff's fraud and conspiracy claims must fail due to lack of reasonable reliance.

### Fifteenth Affirmative Defense

Plaintiff's fraud and conspiracy claims must fail due to the truthfulness of the alleged misrepresentations.

### Sixteenth Affirmative Defense

Some or all of Plaintiff's claims are barred by the statute of limitations.

### Seventeenth Affirmative Defense

Plaintiff's conspiracy claim must fail due to the inability of an agent to conspire with his principal.

### Eighteenth Affirmative Defense

Plaintiff's breach of contract and declaratory judgment claims are barred by the nonoccurrence of a condition precedent.

### Nineteenth Affirmative Defense

Plaintiff has failed to mitigate damages.

### Twentieth Affirmative Defense

Plaintiff's fraud and conspiracy claims fail to state the allegations with particularity.

### Twenty-First Affirmative Defense

Plaintiff's fraud and conspiracy claims are barred by the economic loss rule.

### Twenty-Second Affirmative Defense

Defendants do not infringe, and have not infringed, directly or indirectly, any valid and enforceable claim of the '045 Patent literally or under the Doctrine of Equivalents.

### Twenty-Third Affirmative Defense

Plaintiff's claim of patent infringement is barred by license and/or contract.

### Twenty-Fourth Affirmative Defense

Plaintiff's claim of patent infringement is barred by patent invalidity arising from an on sale bar.

### Twenty-Fifth Affirmative Defense

Plaintiff's claim of patent infringement is barred by the invalidity of the patent claims as being obvious over prior art references and/or anticipated by prior art references.

### Twenty-Sixth Affirmative Defense

Any defense raised by any other Defendant relating to the validity of the patent in suit.

### Twenty-Seventh Affirmative Defense

The claims of the patent in suit are invalid and unenforceable for not complying with the requirements of 35 U.S.C. § 101, *et seq*.

### Twenty-Eighth Affirmative Defense

The claims of the patent in suit are invalid and unenforceable for failure to comply with the applicable rules, regulations, and directives of the U.S. Patent & Trademark Office pertaining to patents.

### Twenty-Ninth Affirmative Defense

The claims of the patent in suit are invalid and unenforceable due to Plaintiff's inequitable conduct before the U.S. Patent & Trademark Office during the patent application process.

### Thirtieth Affirmative Defense

The claims of the patent in suit are invalid and unenforceable due to Plaintiff's failure to disclosure the best mode of practicing the patent.

**Thirty-First Affirmative Defense**

Plaintiff's breach of contract and declaratory judgment claims are barred by the fact that Plaintiff fraudulently induced NDA to enter into the license agreement at issue.

      /s Phillip E. Dubé
Phillip E. Dubé (Va. Bar No. 43470)
Gary C. Rosen (Fla. Bar No. 310107)
BECKER & POLIAKOFF, P.A.
3111 Stirling Road
Fort Lauderdale, FL  33312
Telephone:     (954) 987-7550
Facsimile:     (954) 985-4176
E-mail: pdube@becker-poliakoff.com
E-mail: grosen@becker-poliakoff.com
Admitted *Pro Hac Vice*

Robert T. Glickman (Bar. No. 0059579)
Kimberly A. Brennan (Bar. No. 0061625)
McCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., L.P.A.
101 W. Prospect Avenue, Suite 1800
Cleveland, OH  44115
Telephone:     (216) 696-1422
Facsimile:     (216) 696-1210
E-mail: rtg@mccarthylebit.com
E-mail: kab@mccarthylebit.com

**Attorneys for NDA Consulting, Inc.
  and Erik Deitsch**

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2007, a copy of the forgoing Amended Answer to Second Amended Complaint and Counterclaim was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

/s Phillip E. Dubé
Phillip E. Dubé (Va. Bar No. 43470)
BECKER & POLIAKOFF, P.A.
3111 Stirling Road
Fort Lauderdale, FL  33312
Telephone:     (954) 987-7550
Facsimile:      (954) 985-4176
E-mail: pdube@becker-poliakoff.com
Admitted *Pro Hac Vice*

**Attorneys for NDA Consulting, Inc. and Erik Deitsch**

FTL_DB: 1080805_1