UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LIFELINK PHARMACEUTICALS, INC., | ) | CASE NO. 5:07-cv-00785-JG |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | **DEFENDANTS' WAIORA USA, INC.;** |
| | ) | **WAIORA INTERNATIONAL, LLC;** |
| NDA CONSULTING, INC., *et al.* | ) | **WAIORA HOLDINGS, LLC; WAIORA,** |
| | ) | **LLC; WAIORA AUSTRALIA, LLC;** |
| Defendants. | ) | **WAIORA HONG KONG, LLC AND** |
| | ) | **STANLEY J. CHERELSTEIN'S** |
| | ) | **ANSWER TO SECOND AMENDED** |
| | ) | **COMPLAINT** |

Defendants Waiora USA, Inc.; Waiora International, LLC; Waiora Holdings, LLC; Waiora, LLC; Waiora Australia, LLC; Waiora Hong Kong, LLC; and Stanley J. Cherelstein ("Defendants") respond to Plaintiff's Second Amended Complaint as follows:

1.      Deny for want of knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 1, 2 and 3.

2.      Admit that Waiora USA, Inc. ("Waiora USA") is a Florida corporation with its principal place of business at 791 Park of Commerce Boulevard, Suite 300, Boca Raton, Florida, and that it sells supplemental dietary and nutritional products through various sources, including distributors and the Internet, and deny all other allegations set forth in Paragraph 4.

3.      Admit that Defendant Waiora International, LLC is a Florida limited liability company with its principal place of business in Boca Raton, Florida and deny all other allegations set forth in Paragraph 5.

4.    Admit that Defendants Waiora Holdings, LLC, Waiora, LLC, Waiora Australia, LLC and Waiora Hong Kong, LLC are Florida limited liability companies having their principal place of business in Boca Raton, Florida, that the website www.waiora.com may have stated that products are available in the United States, Canada, Hong Kong, Taiwan and Japan and deny all other allegations set forth in Paragraph 6.

5.    Admit that Stanley Cherelstein is the President and CEO of Waiora USA, that he has known Deitsch, that he did work at Unicity, Inc. with Deitsch, that he was employed as the controller of Phar Mor, that he and Deitsch serve as members of the Board of Directors of Nutra Pharma Corp. and deny all other allegations set forth in Paragraph 7

6.    Admit that Kelley Spears resides in Hudson, has purchased products from Waiora USA and deny all other allegations set forth in Paragraph 8.

7.    Admit that Adrian Goad is a customer of Waiora USA and deny all remaining allegations set forth in Paragraph 9 for want of knowledge and information sufficient to form a belief as to their truth.

8.    Admit that Rowan Emrys is a customer of Waiora USA and deny all remaining allegations set forth in Paragraph 10 for want of knowledge and information sufficient to form a belief as to their truth.

9.    Deny, for want of knowledge and information to form a belief as to their truth, the allegations set forth in Paragraph 11.

10.    Deny the allegations set forth in Paragraphs 12, 13, 14 and 15

11    Admit that Purify Your Body, LLC is a customer of Waiora USA and deny all remaining allegations set forth in Paragraph 16 for want of knowledge and information sufficient to form a belief as to their truth.

12. Deny the allegations set forth in Paragraph 17 for want of knowledge and information sufficient to form a belief as to their truth.

13. Deny the allegations set forth in Paragraphs 18 and 19.

14. Deny the allegations set forth in Paragraphs 20, 21, 22, 23, 24, 25, 26 and 27 for want of knowledge and information sufficient to form a belief as to their truth.

15. Deny the allegations set forth in Paragraphs 28 and 29 for want of knowledge and information sufficient to form a belief as to their truth.

16. With respect to Paragraphs 30, 31 and 32, the terms of any agreement speak for themselves and otherwise deny the allegations set forth therein.

17. Deny the allegations set forth in Paragraph 33 for want of knowledge and information sufficient to form a belief as to their truth.

18. Deny the allegations set forth in Paragraph 34.

19. Deny the allegations set forth in Paragraphs 35, 36, 37, 38, 40, 41, 42, 43, 44 and 45 for want of knowledge and information sufficient to form a belief as to their truth.

20. Admit that a website advertised Natural Cellular Defense and at some point stated that the product was protected by a patent, that literature referenced the patent and deny all other allegations set forth in Paragraph 39.

21. Admit that an email was sent, that it reads for itself, and deny all remaining allegations set forth in Paragraph 46.

22. Deny the allegations set forth in Paragraph 47.

23. With respect to Paragraph 48, restate and incorporate by reference their responses to Paragraphs 1 through 47.

24. Deny the allegations set forth in Paragraphs 49, 50, 51, 52 and 53.

-3-

25.     With respect to Paragraph 54, restate and incorporate by reference their responses to Paragraphs 1 through 53.

26.     Deny the allegations set forth in Paragraphs 54, 55 and 56 for want of knowledge and information sufficient to form a belief as to their truth.

27.     With respect to Paragraph 58, restate and incorporate by reference their responses to Paragraphs 1 through 57.

28.     Deny the allegations set forth in Paragraphs 59, 60, 61, 62, 63, 64, 65 and 66.

29.     With respect to Paragraph 67, restate and incorporate by reference their responses to Paragraphs 1 through 66.

30.     Deny the allegations set forth in Paragraphs 68, 69, 70 and 71.

31.     With respect to Paragraph 72, restate and incorporate by reference their responses to Paragraphs 1 through 71.

32.     Deny the allegations set forth in Paragraph 73.

33.     With respect to Paragraph 74, restate and incorporate by reference their responses to Paragraphs 1 through 73.

34.     Deny the allegations set forth in Paragraphs 75 and 76.

35.     Deny all allegations not specifically admitted herein.

### SECOND DEFENSE

36.     Plaintiff fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

37.     Some or all of Plaintiff's claims are barred by the doctrines of estoppel, laches, and/or waiver.

### FOURTH DEFENSE

38. Some or all of Plaintiff's claims are barred due to Plaintiff's unclean hands.

### FIFTH DEFENSE

39. Plaintiff's fraud and conspiracy claims fail to state the allegations with particularity.

### SIXTH DEFENSE

40. Some or all of Plaintiff's claims are barred by the statute of limitations.

### SEVENTH DEFENSE

41. Some or all of Plaintiff's claims are barred by the intervening acts of other parties.

### EIGHTH DEFENSE

42. Plaintiffs have failed to mitigate damages.

### NINTH DEFENSE

43. The claims of the patent in suit are invalid and/or unenforceable.

### TENTH DEFENSE

44. Many of the Defendants named by Plaintiff have not sold any products.

### ELEVENTH DEFENSE

45. Some or all of Plaintiff's claims are barred because Defendants are not the real parties in interest.

### TWELFTH DEFENSE

46. Some or all of Plaintiff's claims are barred as the manufacturer, not customers, is the primary party in interest.

## THIRTEENTH DEFENSE

47    Plaintiff's fraud and conspiracy claims must fail due to the lack of reasonable reliance.

## FOURTEENTH DEFENSE

48    Plaintiff's fraud and conspiracy claims must fail due to the truthfulness of the alleged misrepresentation

## FIFTEENTH DEFENSE

49.    The claims of the patent in suit are invalid and unenforceable for not complying with the requirements of 35 U.S.C. § 101, *et seq.*

## SIXTEENTH DEFENSE

50.    Plaintiff's fraud and conspiracy claims fail to state the allegations with particularity.

## SEVENTEENTH DEFENSE

51.    Plaintiff's fraud and conspiracy claims are barred by the economic loss rule.

## EIGHTEENTH DEFENSE

52.    The claims of the patent in suit are invalid and unenforceable for failure to comply with the applicable rules, regulations and directives of the U.S. Patent & Trademark Office pertaining to patents.

## NINETEENTH DEFENSE

53    Defendants do not infringe, and have not infringed, directly or indirectly, any valid and enforceable claim of the '045 Patent literally or under the Doctrine of Equivalents

## TWENTIETH DEFENSE

54.    Plaintiff's claim of patent infringement is barred by license and/or contract

### TWENTY-FIRST DEFENSE

55. Plaintiff's claim of patent infringement is barred by patent invalidity arising from an on sale bar.

### TWENTY-SECOND DEFENSE

56 Plaintiff's claim of patent infringement is barred by the invalidity of the patent claims as being obvious over prior art references and/or anticipated by prior art references.

### TWENTY-THIRD DEFENSE

57. The claims of the patent in suit are unenforceable due to Plaintiff's inequitable conduct before the U.S. Patent & Trademark Office during the patent application process.

### TWENTY-FOURTH DEFENSE

58. The claims of the patent in suit are invalid and unenforceable due to Plaintiff's failure to disclose the best mode of practicing the patent.

### TWENTY-FIFTH DEFENSE

60. Plaintiff's declaratory judgment claims are barred because of Plaintiff's own wrongful acts, conduct and fraud upon the Defendants and others.

### TWENTY-SIXTH DEFENSE

61. Any defense raised by any other Defendant relating to the validity of the patent in suit.

### TWENTY-SEVENTH DEFENSE

62. Defendants reserve the right to raise additional defenses as discovery in this case proceeds and/or may warrant.

WHEREFORE, having fully answered, Defendants request that the Second Amended Complaint be dismissed with prejudice, costs to Plaintiff.[1]

Respectfully submitted,

*/s/David L. Drechsler*
David L. Drechsler #0042620
Ryan J. Morley #0077452
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
1375 E. 9th Street, Suite 1700
Cleveland, Ohio 44114
Telephone: (216) 621-5300
Facsimile: (216) 621-5440
Email: ddrechsler@bdblaw.com
rmorley@bdblaw.com

Philip R. Wiese #0067058
Louis F. Wagner #0010768
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333-8332
Telephone:    (330) 376-5300
Facsimile:    (330) 258-6559
Email:        pwiese@bdblaw.com

***Counsel for Defendants Waiora USA, Inc.; Waiora International, LLC; Waiora Holdings, LLC; Waiora, LLC; Waiora Australia, LLC; Waiora Hong Kong, LLC; Stanley J. Cherelstein and Kelley Spears***

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2007, a copy of the foregoing ***Defendants' Answer to Second Amended Complaint*** was filed electronically in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

*/s/David L. Drechsler*

«CL2:324796_v1»

---

[1] Defendants filed a Counterclaim against Plaintiff on October 29, 2007 that is still pending