UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LIFELINK PHARMACEUTICALS, INC , | CASE NO. 5:07-cv-00785-JG |
| Plaintiff, | |
| | JUDGE JAMES S. GWIN |
| v | |
| NDA CONSULTING, INC., *et al.* | |
| Defendants | |

## DEFENDANTS' JOINT NOTICE OF RECENT ISSUANCE OF A FEDERAL CIRCUIT CASE THAT SHOULD DIRECTLY AFFECT THE OUTCOME OF THIS CASE AND SUPPLEMENTAL BRIEF DISCUSSING SAID CASE

On January 25, 2008, the United States Court of Appeals for the Federal Circuit decided the case of Halliburton Energy Services, Inc. v. M-I LLC, ___ F 3d ___, 2008 WL 216294, C.A. Fed. (Tex.), January 25, 2008 (No. 2007-1149) ("Halliburton") (copy attached). The Halliburton decision is directly applicable to the pending claim construction in the instant matter, but was decided one day subsequent to this Court's deadline for filing Post-Markman briefs, and was, therefore, not included in the responsive brief. Defendants bring Halliburton to the Court's attention to aid the Court in its decision regarding claim construction. Federal courts must rely on counsel to present issues fully and fairly and "counsel have a continued duty to inform the Court of any development which may conceivably affect an outcome." *Fusari v. Steinberg*, 419 U.S. 379, 391, 95 S. Ct. 533, 540 (1975), Justice Burger (concurring opinion).

In Halliburton, the Plaintiff appealed the district court's conclusion that patent claims containing the term "fragile gel" were indefinite under 35 U.S.C. §112, ¶ 2. Halliburton

succinctly summarizes the exact issue facing this Court in the present case, as the Court attempts to ascertain the meaning of the claims in United States Patent No. 6,288,045 ('045 Patent). A skilled artisan can not discern the boundaries of the claims of the '045 Patent "based on the claim language, the specification, and the prosecution history", nor through "knowledge of the relevant art area", which is the standard articulated by the Halliburton court. Even the Plaintiff's own expert (Dr. Prabir Dutta) is unable to articulate any meaning from the claims of the '045 Patent for various disputed terms. (See *Markman* Hearing Transcript ("*Tr*") at p. 33, line 20 – p. 39, line 13). The claims do not sufficiently inform one of ordinary skill in zeolite chemistry what chemical entity the inventor has attempted to teach, in any meaningful or comprehensible way. The claims of the '045 Patent are "insolubly ambiguous." *Id. p. 7.*

In Halliburton, the court further stated that "[t]he fact that [a party] can articulate a definition supported by the specification, however, does not end the inquiry. Even if a claim term's definition can be reduced to words, the claim is still indefinite if a person of ordinary skill in the art cannot translate the definition into meaningfully precise claim scope." *Id. p. 10.* In the present case, Plaintiff's own expert, Dr. Dutta, testified that while it was possible to derive a definition by using the combination of three sources of information from within the specification of the '045 Patent, doing so required speculation or guessing. (See *Tr.* p. 54, line 1 – page 55, line 24). This far-reaching attempt to define the terms does not remedy the indefiniteness of the claims, as illustrated by the court in Halliburton.

The Halliburton court offered further guidance by stating that "[w]hile patentees are allowed to claim their inventions broadly, they must do so in a way that distinctly identifies the boundaries of their claims." *Id. p. 14.* And that "[w]hen a proposed construction requires that an artisan make a separate infringement determination for every set of circumstances in which the

2

composition may be used, and when such determinations are likely to result in differing outcomes (sometimes infringing and sometimes not), that construction is likely to be indefinite." *Id. p 16-17* Using terms which are unknown to those of *ordinary skill in the art*, which even if a definitional framework is derived via speculation and guesswork, as the Plaintiff in the present case has done, must lead to a finding of indefiniteness. It remains unknown whether the terms in dispute reference the zeolite fragment cage, the zeolite tail, or both. The claims are overbroad, encompassing potential molecules only when assumptions and guesses are made, the clues to which were not provided by the inventor in the specification, claims or prosecution history  The claims of the '045 Patent present a clear case of indefiniteness.

It is respectfully submitted that the claim construction proposed by the Plaintiff does not sufficiently inform one of *ordinary skill in the art* of zeolite chemistry what chemical entity the inventor has attempted to teach, in any meaningful or comprehensible way, thereby making it impossible to construe the claims of the '045 Patent in a way consistent with chemical reality. The public is left to speculate and guess as to what the '045 Patent is claiming. The claims of the '045 Patent are irreconcilably indefinite, and no construction of the terms should be made.

Respectfully submitted,

*/s/    David L. Drechsler*
David L. Drechsler  (Bar No. 0042620)
Ryan J. Morley (Bar No. 0077452)
Buckingham, Doolittle & Burroughs, LLP
1375 East Ninth Street, Suite 1700
Cleveland, Ohio  44114
Telephone:  (216) 621-5300
Facsimile:  (216) 621-5440
Email: ddrechsler@bdblaw.com
          rmorley@bdblaw.com

3

Philip R. Wiese (Bar No. 0067058)
Louis F. Wagner (Bar No. 0010768)
Buckingham, Doolittle & Burroughs, LLP
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333-8332
Telephone:    (330) 376-5300
Facsimile:    (330) 258-6559
Email: pwiese@bdblaw.com
       lwagner@bdblaw.com

*Attorneys for Defendants Waiora USA, Inc., Waiora Hong Kong, LLC, Stanley J. Cherelstein, Waiora International, Inc., Waiora Holdings, LLC, Waiora, LLC, Waiora Australia, LLC, David Ewing, Spectrum Supplements, Inc., Kelley Spears, David Bynum, Health is Wealth Maui, LLC dba healthiswealthmaui.com, Purify Your Body dba www.purifyyourbody.com, Adrian Goad, Lloyd Wright, Robin Reno, Rowan Emrys, and John Hanna*

/s Gary C. Rosen
_____
Gary C. Rosen (Fla. Bar No. 310107)
Phillip E. Dubé (Va. Bar No. 43470)
BECKER & POLIAKOFF, P.A.
3111 Stirling Road
Fort Lauderdale, FL 33312
Telephone:    (954) 987-7550
Facsimile:    (954) 985-4176
E-mail: grosen@becker-poliakoff.com
E-mail: pdube@becker-poliakoff.com
Admitted *Pro Hac Vice*

4

/s Robert T. Glickman
Robert T. Glickman (Bar. No. 0059579)
Kimberly A. Brennan (Bar. No. 0061625)
McCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., L.P.A.
101 W. Prospect Avenue, Suite 1800
Cleveland, OH  44115
Telephone:    (216) 696-1422
Facsimile:    (216) 696-1210
E-mail: rtg@mccarthylebit.com
E-mail: kab@mccarthylebit.com

*Attorneys for NDA Consulting, Inc. and Erik Deitsch*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 7, 2008, a copy of the foregoing was filed electronically in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

/s/ David L. Drechsler

«CL2:330632_v1»